[No. 9930.   Department One.— August 1, 1885.]

T. M. BARHAM ET AL., APPELLANTS, v. F. M. HOSTETTER, RESPONDENT.

APPEAL.— ORDER DISSOLVING INJUNCTION.— An appeal from an order dissolving an injunction must be taken within sixty days from the date of the entry of the order.

INJUNCTION — DIVERSION OF WATER — DAMAGES — JOINDER OF CAUSES OF ACTION. — The plaintiffs were owners in severalty of certain distinct parcels of land, and the action was brought to restrain the defendant from depriving them of water carried by various ditches to their respective lands, and to recover damages sustained by reason of past diversions of the water. *Held*, that the cause of action for damages was several as to each of the plaintiffs, and that it could not be joined with the cause of action for an injunction, which was common to all of them.

ID.— PLEADING — COMPLAINT.— The complaint examined, and *held* to be ambiguous, unintelligible, and uncertain.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order dissolving an injunction.

The facts are stated in the opinion.

*E. V. Spencer*, for Appellants.

There was no misjoinder either of parties or of causes of action. (*Hillman* v. *Newington*, 57 Cal. 56; *Johnson* v. *Sepulveda*, 5 Cal. 149; *Parke* v. *Kilham*, 8 Cal. 77; 68 Am. Dec. 310; *Stein Canal Co.* v. *Kern Island Irrigation Co.* 53 Cal. 563; *Wilson* v. *Castro*, 31 Cal. 427.)

*A. L. Shinn*, and *C. G. Kelley*, for Respondent.

FOOTE, C.— This was an action brought by eleven plaintiffs to restrain an alleged diversion of the waters of a certain creek, by the defendant, and for damages for such alleged diversion.

The appeal is prosecuted from the judgment of the trial court in dismissing the action, and from an order dissolving a preliminary injunction.

The judgment roll discloses that a demurrer was interposed to the complaint, and that it was sustained, and the plaintiffs declining to amend upon leave given, the action was dismissed with costs against plaintiffs.

This judgment of dismissal was made on the 4th day of October, 1884, leave to amend for twenty days having been previously given on the 21st day of July, 1884.

The preliminary injunction was dissolved on the 3d day of June, 1884, and the appeal from the judgment and order was not taken until the 22d day of January, 1885.

The order dissolving the injunction cannot be reviewed here, as the plaintiffs did not take an appeal from that order until far more than sixty days had elapsed. (Code Civ. Proc. § 956; *McCourtney* v. *Fortune,* 42 Cal. 387.)

The only questions then left for discussion are those under- lying the judgment of dismissal of the action.

Unless the demurrer to the complaint ought to have been overruled, this judgment was undoubtedly right, for the plaint- iffs did not avail themselves of the ample opportunity to amend their complaint granted them by the court on sustaining the demurrer.

The grounds on which the demurrer was sustained are as follows : —

1. That there was a misjoinder of causes of action.

2. That the complaint was ambiguous, unintelligible, and uncertain, for the reason that the real estate and ditches of the plaintiffs were not described with sufficient certainty, and that it did not appear which of two plaintiffs named Barham were interested in ditches Nos. 10, 11, and 12, as set out in the complaint.

The purpose for which the action was instituted, as appears from the body and prayer of the complaint, was to restrain the defendant from depriving the several plaintiffs of water for irrigation purposes, carried by various ditches to certain distinct parcels of land owned not jointly, but separately, by different plaintiffs, and to recover $500 damages alleged to have been done to the plaintiffs in the aggregate.

One plaintiff was alleged to be the sole owner of 60 acres of land affected by the deprivation of water caused by the defend-

ant's acts. Two plaintiffs alleged to be joint owners of 40 acres, one plaintiff to be the sole owner of 60 acres, another sole owner of 60 acres, another of 100 acres, another of 20 acres, one of 40 acres, two as joint owners of 40 acres, and another as sole owner of 100 acres.

The damages claimed in an aggregate sum for all the plaintiffs jointly was $500.

The cause of action for damages is not joint as to all the plaintiffs, but undoubtedly several; it is joined with a cause of action for an injunction which is common to all the plaintiffs; hence the demurrer upon this point was properly sustained.

"There is no more a common interest than though a carrier had at one time carelessly destroyed property belonging to different persons." (Bliss on Code Pleading, § 76.)

The plaintiffs set out in the complaint the number of acres of land they each own; that these lands join each other and constitute one body of land, and that said land is situated on Baxter Creek, and in Lassen County, Cal.

From this description an ordinary inquirer after these lands would be likely to travel up and down Baxter Creek for many days, and still be left in the most painful uncertainty as to their exact location; and when it comes to the description of the ditches as set out in the complaint, it is hard to believe that even a professional surveyor could ever successfully locate them.

In the complaint there are mentioned as plaintiffs, Messrs. T. M. Barham and Charles Barham, and a man named Barham is declared to be a joint owner of ditch No. 10, with other plaintiffs, not named Barham, and ditches 11 and 12 are declared to be owned by plaintiffs Dunn and Barham jointly; but as there are two Barhams named as plaintiffs, and the pleader did not deem proper to state which of the two, whether T. M. or Charles Barham had any interest in those ditches, it is not surprising that as to that matter both the court below and the defendant were left in ignorance.

We are of opinion that the court was entirely justified in sustaining the demurrer to the complaint and in dismissing the action.

For these reasons we think the judgment and the order dissolving the preliminary injunction ought to be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT—For the reasons given in the foregoing opinion the judgment and order are affirmed.