the facts which would enable the court to determine whether or not they have a valid defense upon the merits. The plaintiff is a corporation, and can act only by its officers or agents. In the defendants' affidavit they state that "at the time of the making of the contract between the deponent's firm and the said Butterick Publishing Company, Limited, it was understood and agreed, and such contract was made upon the express representation in that behalf on the part of the Butterick Publishing Company, Limited, that the terms mentioned in such contract were as low and as favorable as those which they gave to any other advertising agency." There is no allegation that the person who made such representation on the part of the plaintiffs was authorized to do so, or had any authority to act on its behalf; and the answer is also silent as to those who made the representation. The officers of the plaintiff swear that no such representations were made by them. In the face of that affidavit the defendants were at least bound to state to the court who it was that had assumed to represent the plaintiff. In the proposed answer, the defendants simply allege that the company made the representations. How the corporation could make any representations is not apparent, unless it may be said that the act of the corporation's agent is the act of the corporation itself, in which case the material fact would be whether the person assuming to act for the corporation occupied such a relation to it that his act could be said to be the act of the corporation. We think, upon the facts before the court below, there was nothing to show that the application to answer was really made in good faith; and that the court was right in refusing to grant leave to the defendants to come in and answer a cause of action which they had knowingly and intentionally conceded to be true, and allowed judgment to be taken for it.

Order affirmed, with $10 costs and disbursements. All concur.

---

(15 App. Div. 336.)

### ENO v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

1. APPEAL TO COURT OF APPEALS—STAY OF PROCEEDINGS—PRACTICE.
   Application for a stay of proceedings pending an appeal from the appellate division to the court of appeals should be made to the appellate division rather than to the special term.

2. SAME—SECURITY ON APPEAL.
   The undertaking required on allowing a stay of proceedings pending appeal to the court of appeals from an affirmance of a judgment against an elevated railroad for past and fee damage to an abutter, should provide for the payment of the fee damages as well as the past damages and costs.

Appeal from special term, New York county.

Action by Amos R. Eno against the New York Elevated Railroad Company and the Manhattan Railway Company, in which there was a judgment for plaintiff, which was affirmed on appeal. 41 N. Y. Supp. 1114. From an order denying defendants' motion for a stay of proceedings pending appeal to the court of appeals, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

E. C. James, for appellants.
William Mitchell, for respondent.

WILLIAMS, J. The judgment rendered by the trial court was
affirmed on appeal by the appellate division. That judgment, in
brief, adjudged that the railroad structures in front of the plain-
tiff's premises had been and were unlawfully maintained; that
plaintiff recover for past damages $8,412.97, with costs, $285.46,—
in all, $8,698.43; and the judgment also enjoined the further main-
tenance of the structures in front of plaintiff's premises, unless the
defendant paid fee damages, $10,000, with interest from March 18,
1896, the day of the trial, and, in case such payment should be
made, plaintiff should give a release. The defendants have ap-
pealed to the court of appeals, and have given an undertaking,
which, under section 1327, Code Civ. Proc., is sufficient to perfect
their appeal. There is no provision of the statute, however, as to
the security that may be given to stay proceedings upon such a
judgment pending such appeal. Genet v. Canal Co., 113 N. Y. 475,
21 N. E. 390. There is power, nevertheless, in the court of origi-
nal jurisdiction, to stay the operation of the judgment pending the
appeal. Id. A motion is the proper remedy, and it seems the mo-
tion is regularly made at special term, though the appellate divi-
sion, on appeal from the order made at special term, may review
such order, and exercise its discretion as to the propriety of a
stay. Id. While we are not prepared to hold that such a motion
may not properly be made at special term, yet we think the better
practice is to make the motion in the appellate division, whose im-
mediate decision is the subject of review in the court of appeals.
The appellate division will in all cases be fully apprised of the
questions involved, and will be able to pass more intelligently upon
the question of a stay than the special term, which will ordinarily
have no knowledge whatever of the case. Moreover, if the motion
is made in the first instance in the appellate division, an appeal
to the appellate division from the order made at special term will
in all cases be avoided.

In the present case we think there are questions involved which
the defendants should have the right to present to the court of ap-
peals before they are required to comply with the judgment from
which the appeal is taken, and we think a stay should be granted,
provided the plaintiff is made entirely secure in the meantime. We
suppose the defendants in the end will expect to pay the amounts
finally adjudged for past damage and fee damage. The undertak-
ing already given is insufficient as the basis of such stay. We
think, in addition to that given under section 1327, the security
should be for the payment of both past damages and fee damages,
with interest.

The order appealed from should be reversed, and the motion
granted, upon condition that adequate security be given. The form

and extent of security to be settled on the settlement of the decision herein. No costs of appeal or of the motion should be allowed. All concur.

