[No. 4424.   Decided October 2, 1902.]

THE STATE OF WASHINGTON *on the Relation of Norris Safe & Lock Company* v. SUPERIOR COURT OF KING COUNTY.

CERTIORARI — WHEN LIES — REMEDY BY APPEAL.

The supreme court will not review an order of the superior court restraining interference with a receiver's possession of a certain building which was claimed by other parties, since there is a remedy by appeal from such order.

APPEAL — STAY OF RESTRAINING ORDER — SUPERSEDEAS BOND.

Upon a showing of the superior court's refusal to fix the amount of a supersedeas bond staying the execution of a restraining order pending appeal, the supreme court,. although denying the writ of certiorari in the cause, will direct the lower court to fix the amount of such bond.

*Original Application for Certiorari.*

*William Martin,* for relator.

*Roberts & Leehey,* for respondent.

PER CURIAM.—Application for review.   The relator seeks to review by certiorari a certain order made by the superior court of King county in the matter of a receiver in the case in which one Schwartz was plaintiff and the Chicago Furniture & Stove Co., a corporation, defendant, entered on the 22d day of September, 1902.   The respondent moves to quash the writ on the ground that an adequate remedy exists in appeal.   The order made by the court in substance restrained relator, its agents, servants, and employees, from entering into or conducting business in a certain building on Second avenue, in Seattle, of which the court found that the receiver in said action was in possession, and which possession was disputed by relator; and, it appearing that said order may be reviewed

12-30 WASH.

on appeal, the motion to quash is sustained.   It thereupon being shown to the court that relator had applied to the superior court to fix the amount of the supersedeas bond staying the execution of said order pending appeal, and the court refusing to make such order, and counsel requesting that an order be now issued from this court directing the superior court to fix the amount of such supersedeas bond, it is therefore ordered that the superior court fix the amount of such supersedeas bond staying the enforcement of the said order of that court pending the appeal.