[No. 7114.  Decided February 13, 1908.]

# H. M. Lund et al., Respondents, v. Idaho and Washington Northern Railroad, Appellant.[1]

APPEAL—SUPERSEDEAS BY SUPREME COURT—COURTS—JURISDICTION—INJUNCTIONS—SUSPENSION.  After an appeal has been perfected from a prohibitory injunction, the supreme court has jurisdiction to issue an order of supersedeas, where the appeal is being prosecuted in good faith and the suspension of the judgment can be granted without depriving respondents of ultimate relief; and an injunction against the operation of a railroad by a common carrier in a street abutting on respondent's lots will be suspended upon the filing of a suitable bond conditioned upon the payment of any damages sustained by reason of the suspension.

Application filed in the supreme court December 7, 1907, for an order of suspension pending appeal from a judgment of the superior court for Stevens county, Chapman, J., entered November 30, 1907, enjoining the construction and operation of a railroad in front of the plaintiff's premises. Granted.

E. H. Belden, for appellant.

E. J. Cannon, for respondents.

Crow, J.—The Idaho and Washington Northern Railroad, a corporation, acquired from the city of Newport, in Stevens county, Washington, a franchise over certain of its streets, and proceeded to construct a steam railroad across Fourth street immediately in front of certain lots belonging to the plaintiffs H. M. Lund and L. M. Lund, his wife.  Thereupon the plaintiffs commenced this equitable action, in which, on final hearing, a decree was entered, enjoining the defendant corporation from constructing or operating its railroad in front of their premises, until it shall have paid to them the damages caused to their property.  The defendant has appealed.

[1]Reported in 93 Pac. 1071.

The decree provides that, if an appeal shall be diligently prosecuted, the injunction shall be suspended pending such appeal, so as to permit the running of construction trains, but that otherwise it shall be in full force and effect from and after its entry. The appellant has petitioned this court to enter an order suspending the injunctive relief granted, until the final determination of its appeal. A show cause order having issued, the respondents have appeared and resisted appellant's application, which is now before us for consideration.

It appears that appellant's franchise from the city of Newport permits it to construct a railroad across Fourth street; that its railroad does not touch respondents' lots, being located about twenty-nine feet therefrom, and that as constructed it is neither above nor below the street grade. Respondents predicate their right to an injunction upon their contention that appellant has, in violation of § 16, art. 1, of the state constitution, damaged their private property without just compensation having been first made or paid into court. The appellant contends that it has neither taken nor damaged their property; that it is entitled to enter upon and occupy the street under its franchise granted by the city, and that it is not interfering with any private property rights which it can be required to condemn or which it has any authority to condemn. These contentions present the issue to be determined upon the final hearing of the appeal.

It appears that appellant's road has been constructed, and is now being operated, for a distance of forty-five miles or more; that in such operation it passes near respondents' lots on Fourth street; that appellant is prosecuting the business of a common carrier, but that it entered upon Fourth street without respondents' knowledge, consent, or acquiescence. The appellant strenuously contends that, if it is not permitted to continue its business as a common carrier over Fourth street pending this appeal, it will suffer great and irreparable loss, and that if a suspension of the injunction is not granted, it

will be compelled to settle with respondents upon their own terms, without regard to the validity of their alleged claims, and that it will thus be deprived of the fruits of its appeal, which it is now prosecuting diligently and in good faith.

The injunction is prohibitory and cannot be superseded as a matter of right under any statute of this state. We have repeatedly held that a trial court will not, by the mandate of this court, be required to fix a bond superseding a prohibitory injunction. *State ex rel. Commercial Elec. L. & P. Co. v. Stallcup*, 15 Wash. 263, 46 Pac. 251; *State ex rel. Byers v. Superior Court*, 28 Wash. 403, 68 Pac. 865; *State ex rel. Gibson v. Superior Court*, 39 Wash. 115, 80 Pac. 1108, 109 Am. St. 862.

In *State ex rel. Burrows v. Superior Court*, 43 Wash. 225, 86 Pac. 632, it was held that the superior courts of this state, in the exercise of their equitable jurisdiction, having all the powers of the English chancery court, may in their discretion suspend the operation of injunctive decrees pending appeals to this court. In the case at bar, the trial court did partially suspend the operation of its decree by permitting the appellant to run its construction trains. This concession, however, does not seem to have been entirely satisfactory to the appellant. The question now before us is whether, after the appeal has been perfected, we may, upon appellant's petition, grant a further or complete suspension. This court has held, that to maintain the existing status and to preserve the fruits of litigation to an appellant, it has, in aid of its appellate jurisdiction and in the exercise of its discretion, authority to grant a supersedeas pending the determination of an appeal, and that it may do so although the appellant is not, as a matter of right, entitled to a supersedeas under any existing statute. *State ex rel. Barnard v. Board of Education*, 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317.

"The court of last resort has jurisdiction to issue an order of supersedeas to preserve the *status quo* of the parties to an

appeal pending a determination upon its merits when, for want of such an order, the appeal may be rendered of no value to the party appealing, and the judgment of the court of last resort rendered ineffective, and if it can do so without depriving the adverse party of a substantial right; and it will exercise its power only upon the terms which the statute requires for perfecting a stay in the lower court, such as that the party applying enter into a sufficient undertaking." 20 Ency. Plead. & Prac., 1237, 1238.

See, also, *Norris v. Tripp*, 111 Iowa 115, 82 N. W. 610; *Carson v. Jansen*, 65 Neb. 423, 91 N. W. 398; *Ex parte Epley*, 10 Okl. 631, 64 Pac. 18; *Eno v. New York Elevated R. Co.*, 15 App. Div. 336, 44 N. Y. Supp. 61; *Janesville v. Janesville Water Co.*, 89 Wis. 159, 61 N. W. 770; *Prante v. Lompe*, 74 Neb. 210, 104 N. W. 1510.

Such a supersedeas, however, should not be granted if it will result in preventing the respondents from ultimately securing the equitable relief to which they will be entitled in the event of an affirmance of the judgment of the trial court. We have examined the record to ascertain (1) whether the appeal is being prosecuted in good faith, (2) whether a suspension of the injunction can be granted without depriving respondents of ultimate relief should the decree be affirmed, and (3) whether we should, in the exercise of our discretion, grant the suspension or supersedeas. We conclude that all of these questions should be answered in the affirmative. We cannot, at this time, enter upon an investigation or discussion of the merits of the appeal, nor do we indicate our views thereon. We are satisfied that a suspension of the injunction should be ordered pending the appeal.

It is ordered that the petition of the appellant be granted, and that the injunction be suspended during the pendency of this appeal, and until the further order of this court; upon condition, however, that the appellant shall execute and file herein an undertaking to the respondents, to be approved by the clerk of this court, in the sum of $5,000, conditioned that

the appellant will pay all damages sustained by the respondents by reason of the suspension of such injunction during the pendency of the appeal.

HADLEY, C. J., MOUNT, ROOT, DUNBAR, FULLERTON, and RUDKIN, JJ., concur.