[No. 10389.   Department Two.   May 14, 1912.]

CAMPBELL LUMBER COMPANY, *Respondent*, v. DEEP RIVER
LOGGING COMPANY *et al., Appellants.*[1]

APPEAL—SUPERSEDEAS—BY APPELLATE COURT—INJUNCTION — SUS-
PENSION. While the discretionary action of the trial court in deny-
ing an order staying a prohibitory injunction pending appeal to the
supreme court will not be reversed on appeal, the supreme court
has power, in aid of its appellate jurisdiction, to grant a supersedeas
suspending the injunction pending the appeal, where it is necessary
to maintain the *status quo* and preserve the fruits of the appeal;
and such a case is presented where, upon appeal from a perpetual
injunction against the operation of a logging road over respondent's
lands, the damages to the land, if the order is affirmed, could be
easily ascertained and is amply covered by a bond; while if the
judgment is reversed, the damages to the appellant by reason of
enforced suspension of its operations would be a great and inde-
terminate loss.

Application filed in the supreme court April 25, 1912, for
a supersedeas.   Granted.

*E. E. Coovert*, for appellants.

*Kollock & Zollinger* and *J. Bruce Polwarth*, for respond-
ent.

MORRIS, J.—This is an application to this court to grant
and fix the amount of a supersedeas bond pending the appeal
herein.   The facts, so far as pertinent, are these:  On July
31, 1909, the Weyerhauser Timber Company, being the
owner of the northwest quarter of section 35, township 11,
north, range 8, west, in Pacific county, sold the timber on
said land to the Deep River Logging Company, with the
right to remove the timber within five years.   On September
12, 1910, the Weyerhauser Timber Company sold the north-
east quarter of the same section to the respondent, reserving
to itself, its successors and assigns, the right to freely pass
over said land or any portion thereof, by team, railway, or

[1]Reported in 123 Pac. 596.

any other customary manner, in hauling its timber or timber products to market. In July, 1911, the Deep River Logging Company constructed a logging railway, which crossed the corner of the northeast quarter of section 35 a distance of about 300 feet, claiming the right so to do under the reservation in the deed from the Weyerhauser Timber Company to the respondent; and further asserting that, on account of the topography of the adjoining lands, the route across the corner of the northeast quarter is the only feasible way by which it can reach its timber on the northwest quarter and transport the same to market. The respondent then commenced an action in the lower court, in which it sought to perpetually enjoin the Deep River Logging Company from the operation of its logging railway across this corner of the northeast quarter, contending that the logging company was a trespasser, and that the reservation in the Weyerhauser deed, under which the right to build and operate the logging railway was claimed, was an easement in gross, and not an easement appurtenant, and under it no rights could be conferred upon the logging company. This position was sustained by the trial court, and a perpetual injunction was issued against the operation of the logging railway across respondent's lands. From this decree, the logging company has appealed, and its application to the lower court to grant a supersedeas and fix the amount of bond having been denied, it has applied to this court for the entry of such order.

Without further reviewing the showing as to the damage incident to the denial of this application to the logging company, because of the stopping of its logging operations and its consequent inability to fulfill its contracts for the delivery of logs, and the character and amount of damage to respondent's lands because of their value and character in the operation of the logging railway, it appears to us that the application should in justice and equity be granted. It must be recognized as an established rule in this state that

a trial court cannot be required, as a matter of strict right, to grant an order staying a prohibitory injunction pending an appeal to this court. That it has an inherent discretionary power so to do is recognized by *State ex rel. Burrows v. Superior Court*, 43 Wash. 225, 86 Pac. 632, and *Lund v. Idaho & Wash. N. R.*, 48 Wash. 453, 93 Pac. 1071. The power being discretionary, will not be controlled by the mandate of this court; and hence, upon its denial, this court must act, if at all, in aid of its appellate jurisdiction. That this court, in aid of its appellate jurisdiction or in the exercise of its original jurisdiction, has all the inherent equity powers of the lower court in the exercise of its jurisdiction will hardly be denied. It was so held in *State ex rel. Barnard v. Board of Education*, 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317, and in the *Lund* case where, after an appeal had been perfected from a decree granting a prohibitory injunction, this court entered its order suspending the injunction during the pendency of the appeal, being moved so to do in order to maintain the existing status and to preserve the fruits of the appeal to appellant. The rights of the respective parties as to the operation of this logging railway can only be determined when the appeal is heard upon its merits. If the decree should be affirmed, the damage from the continued use of the railway over respondent's lands, from their nature, character and location, could be easily determined. If on the other hand it should be enforced pending the appeal and finally reversed, the logging company might be required to suspend its operations at a great and indeterminate loss, against which it has no protection. It therefore appears to us that justice and the peculiar equities of the situation before us call for the granting of a supersedeas order which will as nearly as possible preserve the *status quo* of the parties until their rights can be here finally determined. No hardship can come to either party from the entry of such an order. Great hardship might come to the logging company because of its re-

fusal. Upon the hearing, the logging company signified its readiness to file a bond in the sum of $10,000. Such sum would, we think, be ample to meet any demands respondent might hereafter seek against it.

It is therefore ordered that the injunction granted by the decree herein be suspended during the pendency of this appeal, and until the further order of this court, conditioned upon appellant filing a supersedeas undertaking in the penal sum of $10,000 properly conditioned for the payment of damages; said bond to be approved by the clerk of the court below and to be filed therein, in order that it may be at all times subject to the convenience of respondent should it so require.

DUNBAR, C. J., ELLIS, FULLERTON, and MOUNT, JJ., concur.