[No. 15361.   Department One.   May 29, 1919.]

C. D. HILLMAN *et al., Petitioners,* v. E. M. GORDON *et al., Respondents.*[1]

APPEAL (244)—SUPERSEDEAS—BY SUPREME COURT. Under Const., art. 4, § 4, authorizing the supreme court to issue writs in aid of its appellate jurisdiction, the supreme court will grant a supersedeas to judgment debtors, on their appeal from an order refusing to vacate a judgment obtained by fraud, upon giving bond in double the amount of the balance due, where it appears that proceedings were pending to enforce the judgment and if property was sold pending the appeal it would probably not be possible to put the parties in *statu quo.*

Application filed in the supreme court May 5, 1919, to fix the amount of a supersedeas bond, or for a writ of mandamus directing the superior court for King county, Ronald, J., to allow and fix the amount of such bond.   Granted.

*Carroll B. Graves,* for petitioners.

*Byers & Byers* and *Aust & Terhune,* for respondents.

MAIN, J.—This is an application to this court to fix the amount of a supersedeas bond on an appeal from a judgment or order of the superior court, and, in the alternative, for a writ directing the superior court to allow and fix the amount of the supersedeas.   The application is based upon the following facts:   On the 5th day of January, 1918, in the superior court of King county, in an action in which E. M. Gordon and Eva P. Gordon, his wife, were plaintiffs, and C. D. Hillman and Bessie Olive Hillman, his wife, were defendants, a judgment was entered in favor of the plaintiffs and against the defendants in the sum of $44,500, together with interest at the legal rate.   Since the entry of this judgment, the same has been reduced

[1]Reported in 181 Pac. 677.

by credits in the amount of $17,139.98, leaving a balance due thereon, aside from the interest, of $27,360.02.

After the entry of this judgment, and on the — day of May, 1918, the defendants therein petitioned the superior court to vacate the same on the ground that it had been taken against them through mistake, inadvertence, surprise and excusable neglect, and for fraud practiced by the plaintiffs in obtaining the judgment, and because of the death of one of the parties, to wit, Eva P. Gordon, before the judgment had been rendered. Upon this petition, the matter came on for hearing in the superior court, and on the 26th day of April, 1919, an order was entered which denied and dismissed the petition. From this order, the petitioners, the defendants in the original action, have appealed.

They applied to the superior court to fix the amount of the supersedeas bond and to stay the proceedings under the judgment sought to be vacated, pending the appeal, but this the trial judge declined to do, being of the opinion that he was without jurisdiction to make such an order.

Prior to the entry of the judgment, on January 5, 1918, one of the plaintiffs, Eva P. Gordon, died intestate, leaving two minor heirs, and, at the time of the rendition of the judgment, neither her personal representatives nor minor heirs were substituted as parties in the action.

Under the judgment, the plaintiffs have taken certain proceedings to collect the same in this state and in the state of California. The trial judge having declined to fix the amount of the supersedeas, the defendants in the original action, the petitioners to vacate, applied to this court, as above stated, to fix the amount of a supersedeas bond, and in the alternative,

for an order directing the superior court to allow and fix the amount of such bond.

The first question to be determined is whether this court has the power to fix such a bond. The constitution of the state, § 4 of article IV, among other things, provides that this court shall have power to issue all writs necessary and proper to the complete exercise of its appellate or revisory jurisdiction. Under this constitutional authority, the court may, in the exercise of its discretionary power, in a proper case, fix the amount of a supersedeas bond in an action pending on appeal. *Campbell Lumber Co. v. Deep River Logging Co.*, 68 Wash. 431, 123 Pac. 596.

The court having the power, in a proper case, to fix the amount of a supersedeas bond, the question arises whether the facts presented make such a case. In determining this question we must take into consideration the effect upon the petitioners if no bond should be permitted and the order dismissing the petition in the superior court should be reversed on appeal. We must also take into consideration the effect upon the opposing parties if the bond should be authorized and the judgment affirmed on appeal. If no bond should be required and the order should be reversed, any proceedings under the original judgment would be of no avail. If property had been taken and sold on execution, its restoration would be necessary or damage for such taking would accrue. This would lead, in view of the facts presented by the record, to litigation in which it probably would not be possible to put the parties in *statu quo,* and the remedy by damages would not be certain and sure. On the other hand, if the supersedeas bond is allowed and the judgment is affirmed, the plaintiffs in the original action will be amply pro-

tected and their recovery upon the judgment is made certain. The delay would be compensated by the legal rate of interest upon the amount of the judgment still unpaid.

It therefore appears to us that, in the interests of justice, the situation calls for the granting of a supersedeas order which will, as near as possible, preserve the *status quo* of the parties until the appeal from the order denying the petition to vacate can be determined. As to the amount of the bond, we think this should be in the sum of $54,720.04, which is double the amount of the balance due on the judgment, exclusive of interest.

The effect of allowing the supersedeas is to stay any proceedings looking to the collection of the judgment, which was for the recovery of money. Had an appeal been taken from the original judgment, the statute would require a bond in double the amount thereof. The defendants, having petitioned for the vacation of the judgment and appealed from the order denying the relief there sought, should not be placed in a more advantageous position with reference to the amount of the bond than they would have been had they taken a direct appeal. If the petitioners were only asking to be relieved of the judgment to the extent of the value of the property upon which execution had been levied, a different question as to the amount of the bond would be presented.

In view of the disposition here made of the matter, it is unnecessary to consider or determine the other questions presented upon the argument.

It is therefore ordered that the petitioners shall have the right to stay the judgment by filing in the office of the clerk of the superior court, within five days after receiving notice of this order, a bond in the penal sum

of $54,720.04, properly conditioned as a supersedeas and stay bond.

CHADWICK, C. J., MITCHELL, FULLERTON, and TOL-MAN, JJ., concur.