[No. 15986.   Department One.   September 16, 1920.]

WEST SIDE IRRIGATING COMPANY, *Appellant,* v.
MARVIN CHASE, *as State Hydraulic Engineer,*
*et al., Respondents.*[1]

APPEAL (244)—SUPERSEDEAS—BY SUPREME COURT. Upon appeal from a judgment of the superior court, affirming an order of the state hydraulic engineer, which deprived an irrigation company of a portion of its water supply needed for irrigation, the supreme court, in the exercise of its appellate and advisory jurisdiction, will grant a supersedeas where respondents are acting officially and threatening to reduce the customary supply of water, causing irreparable damage to crops, and it did not appear that any person interested had cultivated land on the strength of the judgment appealed from.

Application filed in the supreme court July 22, 1920, to allow and fix the amount of a supersedeas and stay bond pending an appeal from a judgment of the superior court for Kittitas county, Holden, J., entered May 10, 1920.   Granted.

*Carroll B. Graves* and *Hartman & Hartman,* for appellant.

*The Attorney General, Glenn J. Fairbrook* and *Fred J. Cunningham, Assistants,* for respondents.

MITCHELL, J.—This is an application on the part of the appellant to allow and fix the amount of a supersedeas and stay bond during the pendency of the cause on its merits on appeal to this court.   It appears that, a number of years ago, the West Side Irrigating Company appropriated water out of the Yakima river, and ever since has been openly using and furnishing such water for irrigation and domestic purposes to its shareholders upon lands owned by them, amounting to about seven thousand acres, situated in the county of

[1] Reported in 192 Pac. 892.

Kittitas. In the month of August, 1919, the respondent, Marvin Chase, as hydraulic engineer of the state, gave notice to the company to desist from using its customary amount of appropriated water, and thereafter threatened to carry out the order and deprive the company of one-third of the amount it was using. Feeling aggrieved at the order, the company appealed to the superior court of Kittitas county, as provided for in the water code, Laws of 1917, ch. 117, § 11, p. 452. Desiring a stay, a bond was given at that time in an amount fixed by the superior court, and with sureties to the satisfaction of the court. Upon the trial of the appeal, a judgment of dismissal was entered by the superior court on May 7, 1920; whereupon, as allowed by the terms of the water code, an appeal was taken to this court. The appeal here seems to have been diligently prosecuted and is now pending subject to assignment for hearing. On July 21, 1920, the respondent again gave notice to the appellant of his purpose to reduce the amount of water appellant was using, so as to conform to the order that had been affirmed by the trial court. Immediately this application was made here, wherein the case was already pending on appeal, for leave to file a supersedeas to preserve the *status quo* until the appeal could be disposed of.

It is contended by the petitioner, and conceded by the respondent (so we find it unnecessary to decide the matter), that there is no provision of the water code, or otherwise, that specifically provides for a supersedeas on an appeal from the judgment of the superior court in such an instance as this. That this court has the power, in a proper case, to allow and fix the amount of a supersedeas bond in the complete exercise of its appellate and revisory jurisdiction is

settled by the cases of *Campbell Lumber Co. v. Deep River Logging Co.,* 68 Wash. 431, 123 Pac. 596, and *Hillman v. Gordon,* 107 Wash. 249, 181 Pac. 677. The power being admitted, respondents contend that this is not a proper case for the exercise of that power. We must take into consideration the effect upon the petitioner if no bond be allowed and the judgment of the superior court should be reversed on the appeal; and the same of the respondents in case a bond is given and the judgment is affirmed on appeal.

Respondents are acting officially and not otherwise. It appears from the application and the affidavits on behalf of the parties that the irrigating season is the months of April-October, with a need during the month of October of less than one-half of the amount of water used during the other months. It is shown by the appellant that its shareholders are owners of cultivated lands, the crops on which were grown with reference to the use of all the water appropriated through its ditch, and that to cut off or so materially reduce their supply at the time of hearing the application, viz., the latter part of August, would cause them irreparable damage. On the contrary, it does not appear that other crop raisers have added to their cultivated areas this season upon the faith of any diminution in the amount of water to be used by the appellant. It was known last season, and all of the present one, that the appellant was involved in litigation contending for the right to hold and use the same quantity of water it had theretofore used, and that at all times from August, 1919, until the date of the judgment of the superior court on May 7, 1920, the appellant continued the right to use its usual amount of water, because of a stay bond it had furnished at the time of taking the appeal to the superior court from the order of the hydraulic

engineer; and further, after the date of the judgment of the superior court, the respondents, being aware of the appeal to this court, gave no further notice for ten weeks that there would be any attempt at any season of the year to enforce the order in question. Of course, the appellant must be taken to have known that its stay bond was no longer effective after the judgment of the superior court; but the course and history of these things is examined as justifying a strong inference, which is in keeping with the lack of any affirmative showing, that no one interested has increased his crop area this year upon the faith and certainty of the lessening of the amount of water appellant would use. We are of the opinion that this is a case in which a supersedeas should be allowed. Upon all that appears now, it is difficult to determine the amount of bond to be given, but we are satisfied one in the sum of $2,500 will be sufficient and fair.

It is therefore ordered that the petitioner, appellant, shall have the right to stay the enforcement of the order complained of, and which was affirmed by the trial court, until the further order of this court, by filing in the office of the clerk of the superior court of Kittitas county, within ten days after receiving notice of this order, a bond in the penal sum of $2,500, with sureties to be approved by the clerk of that court, properly conditioned as a supersedeas and stay bond.

HOLCOMB, C. J., FULLERTON, and PARKER, JJ., concur.