[Nos. 16627, 16628. Department Two. September 16, 1921.]

THE STATE OF WASHINGTON, *on the Relation of George Hart, Respondent,* v. GUY E. KELLY *et al., Appellants.*[1]

APPEAL (236, 237)—SUPERSEDEAS — AMOUNT OF BOND — APPEALS FROM MANDAMUS AND INJUNCTION. Under the rule that, in fixing the amount of a supersedeas bond, it is necessary to take into consideration the amount of loss that may be sustained if an adequate bond is not given, supersedeas bonds in the sum of $50,000 each, in an injunction suit involving $47,000 worth of liquid assets of a corporation, and in a mandamus suit involving the disposition of corporate stock valued at $37,000, are not excessive in amount.

Application filed in the supreme court July 16, 1921, to require the superior court for King county, Dyke-

[1]Reported in 201 Pac. 7.

man, J., to reduce the amount of supersedeas bonds. Denied.

*Kelly & MacMahon,* for appellants.

*Wright, Kelleher, Allen & Hilen,* for respondent.

Main, J.—These two cases, while not formally consolidated in the trial court, are so closely allied that they will be considered as one. In each case there is an application to require the trial court to reduce the amount of a supersedeas bond. In one, George Hart petitioned the superior court for an injunction. In the other, he made application for a writ of mandamus. The cases came on for hearing in the trial court at the same time, and resulted in the issuance of a permanent injunction in one case and a writ of mandate in the other. After the judgment was entered, an application was made to fix the amount of the supersedeas bonds, which resulted in the trial court's fixing the amount of the bond in each case at $50,000. It is claimed that these bonds are unreasonable in amount, and, as already stated, the applications here are to require the trial judge to fix bonds in a lesser sum. A somewhat comprehensive statement of the facts will be necessary in order to determine whether the trial court fixed the bonds in an unreasonable amount.

One David Hart, during his lifetime, caused to be incorporated, under the laws of this state, the David Hart Company, with a capital of $50,000, divided into five hundred shares of the par value of one hundred dollars each. After this corporation was formed, Hart transferred to it all of his property, both real and personal. Prior to his death, he made a will by which he bequeathed the stock of this corporation to his children in various amounts. To the daughter, Bernice Hart Smith, he gave approximately one-half thereof.

To the other five children there was bequeathed the balance of the stock in various amounts. After the testator died and the will had been admitted to probate and the estate was in process of administration, the children, other than Mrs. Smith, were dissatisfied with the provisions of the will. The instrument contained a provision that, if any of the beneficiaries thereunder should attempt to contest it, such beneficiary would thereby forfeit to the other beneficiaries all that he or she was to receive under the will.

While the estate was in process of administration, the children, other than Mrs. Smith, claimed that they entered into an oral agreement with her whereby they would refrain from instituting a contest of the will, providing that she would distribute a sufficient number of shares of the stock which went to her among the other children so that each would share equally. This agreement was not carried out, and after the time had expired when the contest of the will might be instituted, was repudiated by Mrs. Smith. Thereupon, George Hart, one of the sons of David Hart, the testator, took an assignment from each of the other children and brought an action in his own behalf and on their behalf for damages against Mrs. Hart Smith on account of her failure to carry out the oral agreement. This action went to trial before the court and a jury, and resulted in a verdict in favor of the plaintiff in approximately the sum of $37,000. At about the time judgment was entered upon the verdict, and prior to the levy of an execution, Mrs. Smith pledged her stock, two hundred fifty-nine shares, to the Citizens State Bank of Auburn, to secure an indebtedness of approximately $9,000, and also to secure an indebtedness to Guy E. Kelly and E. S. McCord in approximately the sum of $10,500. The certificate evidencing

the ownership of the stock was placed in physical possession of the bank, where it has since remained.

After the entry of judgment in the action brought by George Hart and the issuance of an execution thereon, Messrs. Kelly and McCord brought an action to restrain the levy upon and sale of the certificate of stock which was then in the Auburn State Bank. This action was tried and injunctive relief was denied and no appeal was prosecuted. The judgment in the principal action was entered on March 21, 1921. After the injunction suit referred to had been determined adversely to the plaintiffs, the stock of Mrs. Smith was levied upon and sold on April 23, 1921, and was purchased by George Hart, subject to the above mentioned liens against it, for the sum of $10,000. After the execution sale, Mrs. Smith owned no stock in the company and Mr. Kelly owned one share.

On April 25, 1921, and after the stock had been sold upon execution, George Hart, the plaintiff in the original action, brought an injunction suit against Guy E. Kelly and Bernice Hart Smith, the trustees of the David Hart Company, to restrain them from in any manner disposing of, dealing with, or changing any of the assets of that corporation. On April 26, 1921, George Hart instituted a mandamus action to require the trustees of the David Hart Company to call a meeting of the stockholders of the company, and on May 10, 1921, instituted another mandamus action to require them to issue to him a certificate of stock, subject to the rights of the lien claimants above mentioned, and to make the proper entries upon the corporation books. These actions all came on for hearing at the same time. In the injunction action the defendants, the trustees of the David Hart Company, consented that an injunction might be issued pending the litigation. An order was thereupon entered restrain-

ing the defendants from in any manner disposing of, dealing with, or changing the assets of the corporation. The mandamus actions were contested and resulted in orders directing that writs issue as prayed for. Notices of appeal were given in the injunction action and in each of the mandamus actions.

After the injunction decree had been entered and the writs of mandate directed to be issued, Mrs. Smith and Guy E. Kelly, the trustees of the corporation, made application to the trial court to have the amount of the supersedeas bonds fixed. This application resulted in an order of the trial court fixing the supersedeas bond in the injunction suit at $50,000, and in the mandamus at $50,000. The trustees of the corporation, being of the opinion that these bonds were excessive, made the present applications to this court seeking an order directing the trial court to reduce them.

Without deciding, it will be assumed that, if the trial court arbitrarily or capriciously fixes a supersedeas bond in unreasonable amount, this court, in aid of its appellate jurisdiction, will cause the amount of the bond to be fixed in a reasonable sum. In the injunction suit, as above stated, the trustees of the corporation are restrained from disposing of or dealing with the assets of the corporation. The trial judge, in his return to the applications here made, states:

"Answering paragraph 11 thereof, the said Everett Smith alleges that at the time of the trial of this cause in the court below, undisputed evidence disclosed that the liquid assets of David Hart, Inc. (outside of land owned by the said corporation) amounted to the total sum of approximately $47,000, made up of mortgage loans, conditional sales contracts, Liberty Bonds and about $7,000 in cash. Undisputed testimony in said cause also further disclosed that the cash and securities had been removed from the banks where the cor-

poration had transacted its business and had been deposited in places unknown to the petitioner George Hart or to any of his associates, and that any information with respect to said assets had been denied by the respondents herein to the petitioner and to all of his associates. Undisputed testimony further disclosed that the respondent, Guy E. Kelly, had, after the rendition of judgment in said cause numbered 143340, advised Bernice Hart Smith, the other respondent herein, to place the assets of the corporation beyond the reach and control of the petitioner George Hart and his associates, so that their ownership of said corporation, even in the event of an affirmance of the judgment in the Supreme Court, would avail them nothing.''

By this return it is shown that the liquid assets of the David Hart Company were approximately $47,000, and that the trustees of that company, since the rendition of the judgment in the principal action, are removing such assets in order that, if the judgment against Mrs. Smith should be affirmed, it would not avail George Hart and his associates anything. It thus appears that the amount of damages which would be sustained by the disposition of the liquid assets would be the sum of $47,000. In the mandamus action there is involved a certificate of stock for two hundred fifty-nine shares of the corporation stock which is subject to liens in approximately the sum of $20,000. Based upon the finding of the jury as to the amount of damages in the principal action, the value of the stock is approximately two hundred dollars per share. It would have been necessary for Mrs. Smith to distribute to her brothers and sisters approximately one hundred seventy-three shares of the stock, in order that each should share equally. For failure to do this the jury returned a verdict of approximately $37,000.

An appeal was taken from the judgment entered in the principal action, and no supersedeas bond has at any time been given.

Under the statute (Rem. Code, § 1722; P. C. § 7296), had Mrs. Smith desired to supersede the judgment against her, it would have been necessary for her to give a supersedeas bond in approximately the sum of $74,000. The theory of the statute is that, where a money judgment is entered, in order to stay execution upon it it is necessary for the judgment debtor to secure the judgment creditor by a bond in double the amount of the judgment. If, upon appeal in case of a money judgment, there should be an affirmance, the amount of the judgment creditor's recovery would be the amount specified in the judgment. And if he did not recover thereon his loss would be represented by the same amount. In the injunction action now before us, the liquid assets of the corporation are $47,000, and if these should be disputed and placed beyond the reach of the judgment creditor in the principal action, his loss would be that sum. In the mandamus action, the stock being of approximately the value of two hundred dollars per share, and there being liens against it to the extent of approximately twenty thousand dollars, there would remain value in the stock of about thirty thousand dollars. It is thus easy to be seen what might be the measure of the loss to the judgment creditor if adequate bonds should not be given and he should be successful upon appeal. It would seem that there would be the same reason for fixing a bond in double the amount of the liquid assets of the corporation which might be dissipated as there would for fixing, as the statute requires, a bond in double the amount of a money judgment in order that there may be a supersedeas.

Taking the two actions together and considering all the attendant facts and circumstances, together with the amount of loss which may result to the plaintiff in the original action if adequate supersedeas bonds are not required, it cannot be held that the trial court fixed the bonds in an unreasonable amount, and there-fore acted in an arbitrary and capricious manner.

In fixing the amount of a bond it is necessary to take into consideration, as already stated, the amount of damages or loss that may be sustained by one whose action is sought to be superseded if an adequate bond is not given and that party should prevail upon an appeal. In *Hillman v. Gordon,* 107 Wash. 249, 181 Pac. 677, there was an application to vacate a judg-ment of the superior court, from which there had been no appeal. The application was denied and notice of appeal given. Thereupon a petition was made to this court that it cause to be fixed the amount of a super-sedeas bond. Reasoning by analogy in that case, the court directed that the supersedeas bond be fixed in the same amount that would have been necessary to supersede the judgment had there been an appeal prosecuted therefrom, stating that the appellants in that action should not be placed in a more advantage-ous position with reference to the amount of the bond than they then would have had had they appealed directly from the judgment instead of from the order refusing to vacate it.

In the present case, had Mrs. Smith appealed from the judgment, under the statute she would have been required to give bond in the sum of seventy-two thou-sand dollars, but, as stated in the case cited, she should not be placed in a more advantageous position in attempting to supersede the injunction and the

writs of mandate than she would have been had she superseded the judgment.

The application in each case will be denied.

PARKER, C. J., BRIDGES, MITCHELL, and TOLMAN, JJ., concur.