[No. 18367.  Department Two.  January 4, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Albert Engen et al., Plaintiff,* v. H. W. B. HEWEN, *Judge of the Superior Court for Grays Harbor County, Defendant.*[1]

APPEAL (240)—SUPERSEDEAS—PROHIBITORY INJUNCTION.  It is not an abuse of discretion to refuse to stay proceedings pending appeal from a prohibitory injunction enjoining defendants from selling milk to others than the plaintiff.

Application filed in the supreme court, November 19, 1923, for a writ of mandamus to compel the superior court for Grays Harbor county, Hewen, J., to grant a supersedeas pending appeal.  Denied.

*F. L. Morgan,* for relator.

*W. H. Abel,* for respondent.

PEMBERTON, J.—On November 15, 1923, defendant, a judge of the superior court of Grays Harbor county, after a trial in a case wherein the Grays Harbor Dairymen's Association was plaintiff and plaintiffs herein were defendants, entered a decree enjoining plaintiffs from selling milk to anyone other than the dairymen's association. This is a proceeding for a writ of mandate directed to the defendant as judge requiring him to further fix the amount of supersedeas bond to suspend the injunction pending the appeal.

It is the contention of the plaintiffs that they are entitled to a stay for the reason that the injunction is mandatory in fact although prohibitory in form.

The material portion of the decree reads as follows:

"That the defendant be and they are hereby enjoined from selling any of their marketable milk pro-

[1] Reported in 221 Pac. 976.

duced upon their farm to any third person, firm or corporation.''

It is stated that the injunction is none the less mandatory because couched in prohibitory language. High on Injunctions, vol. 1 (4th ed.), § 2, p. 6; *Procter v. Stuart,* 4 Okl. 679, 46 Pac. 501; *State ex rel. Norris Safe & Lock Co. v. Superior Court,* 30 Wash. 177, 70 Pac. 256.

We cannot hold that the language of the decree is in fact mandatory. It does not require the sale of the milk to the Grays Harbor Dairymen's Association.

It is the contention that the appeal will be made futile unless the *status quo* is preserved pending the determination of the appeal upon its merits. The Grays Harbor Dairymen's Association might well contend that a stay of proceedings while an appeal is pending would destroy the purpose of the action by permitting the injuries complained of to be accomplished. We said in the case of *State ex rel. Commercial Electric L. & P. Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251:

''The remedy afforded by injunction is often sought to prevent irreparable injury which cannot be estimated in dollars and cents, and if the injunction is suspended while an appeal is pending, it might and doubtless would often follow that the mischief would be done which the object of the action was to prevent.

''To hold that the legislature intended to authorize a party to commit the very act which it is the sole object of an action to prevent, in the face of an adverse order or decree standing unreversed, and remand his adversary to another forum there to seek in another form of action damages which he might be loath to accept, and which would oftentimes be difficult of ascertainment, and more often inadequate, upon the mere general terms of a statute that is inapplicable to the very nature of the case, would be unreasonable and do violence to the spirit, if not the letter, of the law.''

In the case of *Lund v. Idaho & Washington Northern R. Co.*, 48 Wash. 453, 93 Pac. 1071, we said:

"The injunction is prohibitory and cannot be superseded as a matter of right under any statute of this state. We have repeatedly held that a trial court will not, by the mandate of this court, be required to fix a bond superseding a prohibitory injunction."

It was not an abuse of discretion to refuse to grant a stay of proceedings. The application will be denied.

MAIN, C J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.