(No. 5139.   March 23, 1928.)

H. W. KIEFER et al., Appellants, v. THE CITY OF IDAHO FALLS et al., Respondents.

[265 Pac. 701.]

(1)

W. P. Hanson, A. D. Erickson, O. A. Johannesen and Otto E. McCutcheon, for Respondents.

A. H. Wilkie and D. E. Rathbun, for Appellants.

GIVENS, J.—Idaho Falls entered into a contract with the Layne-Bowler Company of Chicago whereby the latter was to drill a well and furnish a pump producing not less than 600 gallons of water per minute. The company was to be paid $39 per gallon for the first 600 gallons and $35 per gallon for all in excess of that amount; or, at the option of the city, the city and the company were to operate the well jointly, the company taking title to all the water produced in excess of 600 gallons which it would lease to

the city at an agreed rental over a period of thirty years. At the end of that time the city would acquire the company's interest. The well was drilled and furnished daily approximately 4,000 minute gallons.

Plaintiffs, who are taxpayers, commenced an action to have this contract declared void and asked that payment be restricted to the amount of $23,400, which had already been paid and which was the amount called for under the contract for the first 600 gallons. The Layne-Bowler Company was asserting its rights to the whole amount due it under the contract, and after some negotiations the city agreed to a compromise settlement, which the company accepted, of $50,000. Plaintiffs immediately filed a supplemental complaint, setting forth the fact of this compromise, and asking for an order requiring the city to show cause why it should not be restrained from proceeding further with it. Pending the hearing on this order to show cause, a temporary restraining order was issued against the city.

The city filed a demurrer to this supplemental complaint which was sustained. The temporary restraining order was dissolved and the court refused to issue a temporary injunction. The plaintiffs then filed an appeal to this court from the order denying a temporary injunction.

As soon as the restraining order was dissolved, the city issued its warrants to the Layne-Bowler Company for $50,000, the amount of the compromise, including the $23,400 previously paid. Apparently all of these warrants have been paid except about $11,000.

All of these various preliminary moves had not disposed of the main case. When this came on to be heard, the trial court granted the city's motion to dismiss it on the ground that it had become moot. Plaintiffs filed another appeal from this judgment of dismissal.

It therefore appears that there are two appeals in this action: one from the order dissolving the restraining order and sustaining the demurrer, and one from the judgment of dismissal. Neither of these appeals are to be heard at this term, however. The question before the court now

concerns only a petition for a *supersedeas* which has been filed by the plaintiffs.

While the petition and the answer thereto are not very clear on this point, it appears that there is still another action pending in the lower court involving in part the same issues as herein, to this effect: After the restraining order had been dissolved, and the city had issued its warrants, apparently another taxpayers' suit was started which attempted to restrain the city treasurer from paying out city funds on the warrants in question. A temporary injunction was issued and there is now pending a motion to dissolve that injunction. This, no doubt, explains why the $11,000 mentioned above has not yet been paid to the Layne-Bowler Company.

Respondents move to dismiss the first appeal because it was not perfected and move to dismiss the second appeal on the ground that the questions therein involved have become moot, taking the position that the orders, sustaining the demurrer and dissolving the restraining order, made July 29th, were not appealable. Assuming them not to be appealable, without expressing any opinion as to whether such be the law, the orders may be reviewed on the appeal from the final judgment entered October 30th, and it is immaterial what was done as to the appeal from the orders of July 29th. We may therefore disregard the first appeal.

In the appeal from the judgment there is presented for consideration the legality of the original contract and of the compromise agreement. These two questions constitute the merits of the controversy and are not now before us for consideration. Respondents urge that the question of whether they should be restrained from paying the warrants in the sum of about $11,000 yet unpaid has become moot because the injunction restraining such payments was by the lower court dissolved and the city had the right to make a compromise agreement. The warrants not having been paid, there is in existence, as to the injunction feature, a real controversy. If this court held the

contract and the compromise agreement to be illegal, the reversal of the case would permit this court to order the trial court to act further in such a way as to be operative on the parties. In other words, since payment has not been made of $11,000, in the case of a reversal, this court could order the temporary injunction, heretofore dissolved, made permanent, and consequently the question has not become moot. The situation is thus easily distinguishable from that involved in the case of *Detweiler Mercantile Co. v. Babcock*, 44 Ida. 777, 260 Pac. 162.

Furthermore, a discussion of the right to make the compromise involves the merits of the case and if it appears necessary to preserve the *status quo*, to do complete justice and in furtherance of its appellate powers, the appellate court will grant a stay of proceedings. (See 3 C. J. 1290.)

If all the warrants had been paid, so far as the injunction feature of the case is concerned, the case would have become moot and it would appear as though respondents were attempting to put appellants in the position of the unsuccessful litigant in the Detweiler case.

There remains only to be determined the effect of the other litigation now pending in the lower court in which a restraining order against the treasurer of the city is extant and outstanding. If such injunction is continued in force, reference being made to it by counsel in oral argument, they concede the same purpose will be accomplished as if a restraining order were issued herein. The exercise of the complete appellate jurisdiction of this court should and does not depend on what some other court, whether subordinate or otherwise, may do. Such would, on the one hand, subject the litigant to uncertainty of relief and, on the other, make the action of this court, as affording possible relief, depend on the acts of others, over whom, so far as this present action is concerned, this court has no control. *Ajax Gold Mining Co. v. Hilkey*, 30 Colo. 115, 69 Pac. 523, nearly supporting the view of this phase most favorable to respondent, involved an injunction which

should have been granted in the action before the court, not in another action.

To decide whether the trial court abused its discretion in dissolving the injunction would involve a determination of the merits. On the other hand, to require appellants to wait for final determination, leaving respondents free to do as they see fit, would make the injunction proceedings in the trial court moot. It therefore becomes apparent that the refusal to grant a stay in the present instance would injuriously affect appellants and militate against the full and complete exercise of this court of its appellate jurisdiction.

It is likewise apparent that granting such a stay will not in any way be injurious to respondents, provided they are adequately protected by a bond. Under these circumstances, this court has the power to act and the showing is sufficient to authorize a stay. (*Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Omaha & Council Bluffs Street Ry. Co. v. Interstate Commerce Com.*, 222 U. S. 582, 32 Sup. Ct. 833, 56 L. ed. 324; *West Side Irr. Co. v. Chase*, 112 Wash. 579, 192 Pac. 892; *Campbell Lumber Co. v. Deep River Logging Co.*, 68 Wash. 431, 123 Pac. 596; see, also, 3 C. J. 1281–1293.)

It is therefore ordered that on the giving of a good and sufficient bond in the sum of $2,500, to be approved by this court, an order will issue restraining respondent from paying the $11,000 of warrants yet unpaid and in question until the further order of this court.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.