(No. 5409. October 10, 1930.)

A. F. MUEGERL, Appellant, v. EVERETT H. HAWLEY and RETA G. HAWLEY, Respondents.

[292 Pac. 242.]

J. W. Porter, J. W. Taylor and Harry Benoit, for Appellant.

Sweeley & Sweeley, for Respondents.

GIVENS, C. J.—March 5, 1927, respondent, Reta G. Hawley, leased to appellant certain farm and orchard land on a share crop rental basis. Thereafter in the fall of the same year, the respondent, Reta G. Hawley (Everett H. Hawley being only a nominal party), feeling that appellant was not harvesting the crops, and particularly the apples, in time or properly packing the same, entered upon the premises and proceeded to harvest, sort and pack some of the apples. Appellant secured an injunction restraining respondent from continuing such operations, in which action respondent cross-complained, setting up the alleged breach of the lease agreement by appellant and asking for certain damages in connection with the failure to properly harvest and pack the crop. The court at the trial dissolved the injunction and entered judgment in favor of respondents for the sum of $915.33 and costs.

In substance two errors are assigned on this appeal: First, that respondent before entering the premises for the purpose of harvesting the crop did not give the notice required for re-entry under C. S., secs. 5348 and 7323; and second, that the evidence is not sufficient in certain designated particulars to support the judgment.

Respondents contend that their entry into the premises for the purpose of harvesting the crop was not the statutory re-entry contemplated by the two sections above mentioned, and the court so found. The lease provided with regard to respondent's rights to enter and harvest the crop as follows:

"And it is further expressly agreed between the parties hereto that the said party of the first part should she deem it necessary, may at the cost and expense of the party of the second part, employ men and teams to go upon said premises and cultivate the crops and harvest them or to do anything that is necessary to promote their growth or save them at any time before they are in the granaries, the whole expense of the same to be a lien upon second party's share of said crops."

■ The judgment, dissolving the injunction and awarding damages to respondent as above indicated, was entered on November 30, 1928. No separate appeal was taken from the order dissolving the injunction. The appeal was taken on February 26, 1929, more than sixty days after the dissolution of the injunction, and respondent contends that the appeal, therefore, as to the injunction, is ineffectual because too late, and that the question of the failure to give notice is alone involved in the injunction proceeding, since the other portion of the action was in effect only an action on accounting between the respective parties, determining their share of the expense of harvesting the crop and the share of the proceeds they were entitled to.

By C. S., sec. 7152, an order dissolving an injunction is an appealable order, and by section 7170 an appeal from the final judgment does not cover a decision or order from which an appeal might have been taken.

California under a statute in substance the same as our C. S., sec. 7152, covering the time within which appeals must be taken, and section 7170, covering the scope of an appeal, has held that although the order dissolving an injunction is in the judgment passing upon the merits of the case, if the appeal is not taken within sixty days after the entry of such judgment, it is ineffectual for the purpose of considering the order dissolving the injunction. (*Barham v. Hostetter*, 67 Cal. 272, 7 Pac. 689.)

The appeal as to the injunction, therefore, was not taken in time and this holding is not in conflict with *Kiefer v. City of Idaho Falls*, 46 Ida. 1, 265 Pac. 701, because therein this court expressly refrained from passing upon this question.

If any portion of the controversy as to the entry of respondent upon the premises be involved in the other portion of the proceeding, and such point was not waived by appellant's resistance to respondent's entry upon the premises (*Williams v. Edge*, 192 Cal. 254, 219 Pac. 747), such feature would involve only the question of what damages, if any, appellant suffered because of such entry (36 C. J. 604), and the evidence, though conflicting, was sufficient to justify the court in concluding in effect that appellant was not damaged by respondent's entry to help harvest the crop, and it is unnecessary to consider whether the terms of the lease, permitting respondent under certain contingencies to harvest the crop, obviated giving the notice required by sec. 5348. *Devereaux Mortgage Co. v. Walker*, 46 Ida. 431, 268 Pac. 37, dealt with ownership only.

On the other point, which involves the real substance of the controversy, being in effect an accounting between the parties, while conflicting, there is sufficient evidence to sustain the findings and conclusions of the trial court and authorize the entry of judgment for respondent for the amount found to be due as her share of the crop under the terms of the lease.

Judgment affirmed. Costs awarded to respondents.

Budge, Lee, Varian and McNaughton, JJ., concur.