SALOMON COHEN, APPELLANT, VS. E. M. L'ENGLE ET ALS.,
APPELLEES.

1. Assuming that the Supreme Court, whose jurisdiction in equity causes is simply appellate, has power to issue a temporary injunction to operate pending the appeal in a cause before it, on an appeal from an order of the Circuit Court denying the injunction asked for, such power should, however, not be exercised unless it is indispensable to the protection of the rights of the party asking it.

2. It should not be exercised where the injunction sought is one in restraint of an action at law, and the facts upon which it is asked will, if sufficient to authorize an injunction, also constitute a good defence by equitable plea to the legal action.

Upon motion for an order enjoining appellees from prosecuting their suit at law in this cause, pending an appeal in same.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for the motion.

*E. M. L'Engle,* contra.

MR. JUSTICE RANEY delivered the opinion of the court:

On the 23d day of November, 1887, appellant filed a bill in the Duval Circuit Court against appellees praying for an account, and for an injunction against the further prosecution by them of an action at law pending in said court against him on certain promissory notes. A motion for a preliminary injunction having been heard upon bill, answer and affidavit, the Chancellor made an order denying it, and an appeal to this court was taken by complainants from such order on the same day.

A transcript of the record having been filed in this court, the appellant has entered upon our docket a motion for

" an order enjoining appellees from prosecuting their suit at law mentioned in the record in the above cause *pending the appeal.*"

The purpose of this motion is of course to arrest the proceeding at law until the merits of this appeal shall have been disposed of in its regular turn on our docket.

The authorities cited in support of the motion are High on Injunctions, sec. 893, Edition of 1873; Chegary vs. Schofield *et al.*, 5 N. J. Eq., (1st Halstead) 525; Doughty vs. Somerville & Eastern R. R. Co., 7 N. J. Eq., (3d Halstead) 629.

In Chegary vs. Schofield *et al.*, there was a decree of foreclosure and sale, and an execution for the sale of the property having been delivered to the Sheriff, King, a defendant, he sold the mortgaged premises in a lump, and defendant Schofield, the attorney for the mortgagee, purchased the same. Prior to the delivery of the deed by the Sheriff, Chegary, the mortgagor, filed a bill, the averments of which it is unnecessary to recite, praying relief against the sale, that new biddings be allowed, and that the Sheriff be enjoined from delivering a deed to Schofield. An injunction was granted, but subsequently on motion and argument, without answer, dissolved. Shortly after the dissolution of the injunction and within the thirty days allowed for taking an appeal, the Sheriff made and delivered a deed for the premises sold. Chegary appealed from the order dissolving the injunction within the thirty days, and at the July term, 1845, of the Court of Errors and Appeals an order was made on his motion staying all proceedings under and by virtue of or consequent upon the Sheriff's sale until the determination of the appeal or the further order of such court. At the October term, 1845, appellees moved to vacate this order.

The decision of the court, as set forth in the syllabus of

the case, is as follows: " An appeal lies from an order dissolving an injunction. The appeal itself does not stay proceedings on the order appealed from. After appeal the Court of Errors and Appeals may stay proceedings on the order appealed from, and this power extends to orders dissolving injunctions." The order of the July term staying proceedings was vacated at the October term.

The Judges who participated in the decision all concurred in the view that the stay order was within the power of the court, but a majority held that it was, considering the circumstances of the case, improperly granted. The Chief-Justice, speaking for the majority, as to the *power* of the appellate court to make the stay order, held that a Chancellor after an appeal from his decision may make a temporary order suspending the effect or legal consequences of such decision until the appeal can be heard, [see Jewett vs. Dringer, 29 N. J. Eq., 199, where the Vice-Chancellor continued an injunction, upon terms, pending an appeal from his decree dismissing the bill,] or, in case the Chancellor does not do so, that the Court of Errors and Appeals had power to restrain the party from proceeding to execute, or *act under* or *in pursuance* of the Chancellor's decree or to do what the decree has simply left him at liberty to do. Though recognizing a distinction between a case in which the order appealed from has authorized, or created, or given a right to a party to do or enjoy or have something which without such order or decree he could not have done or enjoyed, and the case of an order which has simply left the party at liberty to act as he might have done if no bill had been filed or no injunction issued, he was of the opinion that after the granting of the injunction any action of the Sheriff in delivering the deed must be held as having been taken and done under

permission of or by virtue of the authority of the order dissolving the injunction; and not as if there had never been an injunction or he was only doing what he had a right to do before any injunction was granted.

He further says: " We must not forget that we are setting here as a Court of Appeal. We can do nothing but review the particular order or decree appealed from except that where the Chancellor has by his decree given a party a right to a thing, we may restrain him from using it until we can hear the appeal on the merits, or where the Chancellor by his decree has loosened a man's hands, we may by a preliminary order tie them up again until we can hear the appeal and determine whether he ought to be let loose or not. But surely we cannot, either before or after we hear the appeal, make a new and original order more extensive than the scope of the complainant's bill or its prayer."

The last sentence of the above paragraph, as we understand it, refers to the fact that the stay order acted upon persons not parties to the record, which fact seems to have controlled the majority of the court in their conclusion as to vacating the stay order.

Halstead, President, speaking for the minority opposed to vacating the order, was also of the opinion that the power of the court to stay proceedings extended to an order dissolving an injunction, and that in a case where no delivery of the deed had been made, the Chancellor or the appellate court could within the time allowed for the appeal stay the delivery, and that in case of a delivery within the time allowed for taking an appeal from the order dissolving the injunction, the appellate court could, where an appeal had been taken, lay its hand upon the parties to the suit so as to prevent them from making advantage from

any act of their own in attempting to avoid the power of such court; that in a gross case it would not suffer itself to be defeated of its discretion.

Doughty vs. Somerville & Eastern R. R. Co. was also an appeal from an order dissolving an injunction. The Chancellor had granted an order staying until the next sitting of the Court of Errors and Appeals the proceedings to restrain which the injunction had issued; and a motion being made in that court at its next sitting for an order extending the stay until the hearing on the appeal, it was held that it had the power to grant or refuse such an order in its discretion, but refused upon the facts of the case to grant it.

The reasoning of the opinion of the majority of the court in this case was that the injunction being dissolved, it could be revived only by a new exercise of judicial power, that to revive it was in effect to grant a new injunction and an original exercise of judicial power; that although an appellate court could not exercise original power in acquiring jurisdiction over a cause, yet having once regularly obtained jurisdiction over the parties, it could exercise original jurisdiction over them, especially when the proceeding is *in rem* and the object of the order to maintain unchanged, as far as practicable, the status or condition of the subject matter of the controversy during the pendency of the suit; that to grant a temporary injunction until the case can be heard was an inherent power in all superior tribunals as essential to the attainment of the object of the litigation and the ends of justice. Admitting, however, as this opinion does, that the question is whether an appellate court will, upon an appeal from an order denying or dissolving an injunction, grant a temporary injunction until the final hearing of the appeal, it still confesses that they are entirely without precedent for so

doing, except in New Jersey, and says of the New Jersey precedents that the orders in two cases, Snydam vs. N. J. R. Co. and Chegary vs. Schofield, were obtained by surprise, and that in Chetwood vs. Brittain by consent, and that in the latter two cases they were merely auxiliary to the main design of the suit. The opinion disposes of the case before the court, one to enjoin a railroad company from proceeding to construct its road over complainant's land, by denying the application for a continuance of the staying order, for the reason that to grant it involves the merits of the whole controversy, and that the argument of the merits ought not to be heard on a summary motion, as such a practice would lead unavoidably either to a decision upon a partial hearing or to a prejudging of the case upon its merits in contravention of the rules and practice of the court. That it was a power which had in all cases better be left to the discretion of the Chancellor, citing Hart vs. The Mayor of Albany, 3 Paige, 386 ; Monkhouse vs. Corporation of Bedford, 17 Vesey, 380. The exercise of the power by the appellate court, says the opinion, in cases circumstanced like that under consideration, would unavoidably be productive of serious evils without any corresponding benefit, and it would be far better and more conducive to the ends of justice to permit the appellant, where the injunction is denied by the Chancellor, to bring on the final hearing immediately upon the coming in of the appeal.

The minority opinion, which favored continuing the stay order in a modified form, recognized as a difference between an appeal from an order dissolving and one in denial of an injunction, that the former issues no new injunction, but simply suspends till the hearing the order appealed from, leaving the case to stand as if no such order had been made ; whilst in the latter case a stay is an original injunc-

tion issued where none had ever existed before, and which could not be allowed without first hearing and deciding upon the entire merits of the case.

Our conclusion upon these adjudications is that the latter of them, in its reasoning, recognizes the power invoked here, but refuses to exercise it, and held it to be one which had, in all cases where the merits are involved, better not be exercised in any case by an appellate court. It is, moreover, a fact that each of these cases was an appeal from an order dissolving an injunction, and in the former of them the power is based upon the distinction between such an order and one denying an injunction, though in the latter the opinion of the majority of the court practically repudiates such a distinction.

Whether an order dissolving an injunction can be superseded and its supersedure on appeal will leave the injunction in force, is a question not before us, and one upon which the authorities are in conflict. High on Injunctions, sec. 1709, and authorities cited.

In Kent vs. Mahaffy, 2 O. S., 498, it was held that the power to grant an injunction in a case pending in a court of common pleas could not be granted to the Supreme Court, its original jurisdiction being limited to *quo warranto*, *mandamus*, *habeas corpus* and *procedendo*, but it is said by Thurman, J.: " That we can allow an injunction in a case pending in this court upon an appeal is very clear. An injunction may be the very object of the suit—the final decree sought—and so a provisional injunction during the pendency of the suit may be necessary for the purposes of justice. The power to allow these is a part of the appellate jurisdiction, the grant of which has been *authorized* by the *Constitution* and has been *made* by the *law*."

In Pacific Railroad vs. Ketchum, 95, U. S. 1., a motion was made in the Supreme Court of the United States for

the appointment of a receiver, under whose direction the parties in possession of the road should operate it and pay over to him the net earnings pending the appeal, and the court, but without undertaking to decide whether a case might not arise under which it would exercise the power of appointing a receiver pending an appeal, declined, upon the showing made in the case, to appoint one.

In Pasco vs. Gamble and Poole, 15 Fla., 562, this court, when reversing an order of the Circuit Court appointing a receiver of rents and profits, enjoined the defendant to the bill of foreclosure until the further order of the Circuit Court from making any disposition of the rents and profits. The reversal was on account of an error in practice, and the purpose of the injunction was to preserve the rights of complainants till an amendment of the bill should be made.

Under the 5th section of the Judiciary Article of the Florida Constitution of 1885, this court has no original jurisdiction except to issue writs of *mandamus, certiorari, prohibition, quo warranto, habeas corpus.* It has no original jurisdiction of the writ of injunction. In equity causes it has only appellate jurisdiction, but it has, however, power to issue " all writs necessary or proper to the complete exercise of its jurisdiction." Any writ necessary or proper to the complete exercise of its appellate jurisdiction may be issued ; consequently it can issue a writ of injunction where such writ is necessary or proper to the complete exercise of its appellate jurisdiction in an equity case like that now before us. The effect of the language quoted as applicable to this motion has not been discussed.

We know of no case in which such action as is asked for has ever been taken by this court. The ordinary course of procedure here is that we shall not speak or act until we have fully heard and carefully investigated. No judgment of this court, says our Constitution, shall take effect

until the opinion of the court in such case shall be filed with its clerk, sec. 16, Art. XVI; and though this may not apply to orders which do not dispose of cases on their merits, yet it is indicative of the spirit of that instrument as to the care with which our proceedings should be taken. .

Even if we have the power, which we do not mean either to admit, deny or adjudge, we are satisfied that it is one which should be exercised only where it is indispensable to the protection of the rights of the party seeking it. Without expressing any opinion upon the practice, shown above to prevail in New Jersey, by which adequate relief is granted in the courts of original jurisdiction by the Chancellor, we are still of the opinion that upon the nature of the case before us, our interference in this unusual manner is not essential to the rights of the parties in so far as the proceedings at law are concerned. If the appellant is entitled to an injunction, the same facts we think would be a good equitable plea to the action at law. Walls vs. Endell, 20 Fla., 86. If the facts developed by the bill, or by it and the answer, are sufficient to authorize a perpetual injunction against the action at law, we think they would also, if a judgment had been obtained, authorize an injunction against the enforcement of such judgment.

The motion is denied, and the case will stand for disposition on its merits when it shall be reached.

It will be so ordered.