STATE, EX REL. PHOENIX LOAN COMPANY, APPELLANT, V. FRANK MARSH, SECRETARY OF STATE, APPELLEE.

297 N. W. 551

FILED APRIL 7, 1941. No. 31223.

*Leon, White & Lipp, Bernard S. Gradwohl* and *Loren H. Laughlin,* for appellant.

*Walter R. Johnson, Attorney General,* and *Robert A. Nelson, contra.*

Heard before ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an application for injunctive relief pending appeal. The record shows that the relator, Phoenix Loan Company, is a corporation engaged in the business of making chattel loans pursuant to the provisions of sections 45-112 to 45-123, inclusive, Comp. St. 1929, and by reason of a license issued thereunder. On February 28, 1941, the respondent, secretary of state, refused to issue upon application, and after a hearing, a renewal license to relator to engage in the small loan business for the year commencing March 1, 1941. Relator thereupon commenced this action for a peremptory writ of mandamus requiring the respondent to issue the license, and that in the interim a mandatory restraining order issue enjoining the respondent from interfering with or molesting the relator's business or from prosecuting any criminal or other complaint or proceeding arising out of the refusal of respondent to issue the license pending a hearing on the merits. The trial court issued the restraining order as prayed. On April 1, 1941, after a trial on the issues, the trial court entered a decree dismissing relator's petition, dissolving the temporary mandatory restraining order and denying a peremptory writ of mandamus. From this decree relator appeals. The application for injunctive relief pending appeal was thereupon filed in this court.

It is the contention of relator that, unless its business is protected by this court pending the appeal, large financial loss will be sustained and its investments and patronage imperiled. It is pointed out that relator has conducted a small loan business at 1713 Jackson street, Omaha, Nebraska, under a license granted by respondent's predecessor in office; that it has loans outstanding in excess of $75,000 and has made a substantial investment in money,

time and effort. It has also committed itself to leases and contracts which will likewise be placed in jeopardy if the continuity of relator's business is interrupted. Relator also alleges that it is a criminal offense to engage in the small loan business without a license and all loans made pursuant to the terms of the statute, chapter 45, Comp. St. 1929, are uncollectible at law or in equity either as to principal or interest, if a license therefor be not obtained. Relator alleges that it will be compelled to suspend business and suffer irreparable damage unless the relief prayed for is granted and, if such prayer be not granted, any relief resulting from the appeal will be empty, ineffective and moot.

We are of the opinion that an appellate court has the inherent power to issue such supersedeas or restraining orders as may be necessary to protect or enforce its jurisdiction, or to protect the *status quo* pending the appeal to prevent irreparable pecuniary damage. And as the same right necessarily exists in the district court, the appellate court may, in a proper case, when such restraining order has not been dissolved by the district court, continue in force the orders of the district court having for their objective the same purposes during the pendency of the appeal.

In a similar case in the federal court, the following situation existed: The postmaster general issued an order barring certain publications of the Masses Publication Company from the mails. The United States district court, after suit was brought in that court to test the validity of the order, granted an injunction *pendente lite* and the defendant appealed. In overruling the motion to stay the injunction, and ordering the stay continued in force, the court said:

"Such stays, granted by the trial judge, are not uncommon; I have, myself, awarded not a few. They rest on the belief that doubtful questions of law, or difficult contests of fact (or both) are presented by the record, and that the relations of the parties, or exigencies of business are such that (perhaps by the giving of security) no injury will

result from letting matters remain in *statu quo* (except for opinion filed) until decisive action can be had in the court of appeals.

"There can be no difference in principle, between such an application to the trial judge, and a similar one addressed to a member of the appellate court. * * *

"Defendant's situation, however, is quite different. The order appealed from, if complied with, fulfils the whole object of suit. If reversed, no restitution or restoration of *status quo* is possible; and in my judgment the appeal becomes a futility, presenting to the appellate court nothing but an interesting moot point. * * * I * * * therefore strongly incline to the view that this is the rare instance in which an appeal without a stay is not only futile, but legally impossible; yet the statute gives the absolute right of appeal." *Masses Publishing Co. v. Patten,* 245 Fed. 102, 157 C. C. A. 398.

In *Union Sawmill Co. v. Felsenthal Land & Townsite Co.,* 84 Ark. 494, 106 S. W. 676, the court said: "It has been the practice of this court to issue injunctions *pendente lite* or writs of supersedeas pending litigation, when the justice of the case required the *status quo* to be preserved."

In *Northwestern Improvement Co. v. McNeil,* 98 Wash. 1, 167 Pac. 115, it appears that the trial court issued a restraining order when suit was started, but sustained a demurrer to the petition and refused a temporary injunction when the case was heard on the merits. The dissolution of the restraining order was not superseded by the appeal. The court, in sustaining an application for a supersedeas continuing the restraining order in effect pending the appeal, said: "That this court has inherent power to grant, in aid of its appellate jurisdiction, writs of this character is settled law in this jurisdiction. * * * The power, however, is one that will be exercised with caution, and only in those cases where such an order is necessary to preserve the fruits of the appeal in the event that the appeal should prove successful."

In *Bier v. Clements,* 95 Wash. 505, 164 Pac. 82, the court,

in granting a restraining order pending an appeal from an order denying an injunction, said: "We think that little need be said, in view of the facts we have above noticed, to show that, in the exercise of its sound discretion, this court should now make such order as will effectually restrain respondents from proceeding further in the signing, sealing, execution, issuance or negotiation of the bonds in question pending the disposition of this case upon appeal. No material hardship can come to respondents by such a supersedeas, while great and irreparable injury might result to appellant for want of such a supersedeas, in view of the fact that the bonds proposed to be issued are negotiable in form and apparently will carry upon their face such evidence of their negotiability, regularity, and power of the county officers to issue them as to render it highly probable that they would become absolute binding obligations evidencing a debt of Benton county, if they should fall into the hands of innocent holders."

In a similar case the supreme court of Washington said: "Without further reviewing the showing as to the damage incident to the denial of this application to the logging company, because of the stopping of its logging operations and its consequent inability to fulfil its contracts for the delivery of logs, and the character and amount of damage to respondent's lands because of their value and character in the operation of the logging railway, it appears to us that the application should in justice and equity be granted. It must be recognized as an established rule in this state that a trial court cannot be required, as a matter of strict right, to grant an order staying a prohibitory injunction pending an appeal to this court. That it has an inherent discretionary power so to do is recognized by *State ex rel. Burrows v. Superior Court,* 43 Wash. 225, 86 Pac. 632, and *Lund v. Idaho & Washington N. R.,* 48 Wash. 453, 93 Pac. 1071. The power being discretionary, will not be controlled by the mandate of this court; and hence, upon its denial, this court must act, if at all, in aid of its appellate jurisdiction. That this court, in aid of its appellate jurisdiction or

in the exercise of its original jurisdiction, has all the inherent equity powers of the lower court in the exercise of its jurisdiction will hardly be denied. It was so held in *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317, and in the *Lund* case where, after an appeal had been perfected from a decree granting a prohibitory injunction, this court entered its order suspending the injunction during the pendency of the appeal, being moved so to do in order to maintain the existing status and to preserve the fruits of the appeal to appellant." *Campbell Lumber Co. v. Deep River Logging Co.,* 68 Wash. 431, 123 Pac. 596. See *Gibbons v. Ross,* 167 S. W. (Tex. Civ. App.) 17; *Houston, B. & T. Ry. Co. v. Hornberger,* 141 S. W. (Tex. Civ. App.) 311; *Cohen v. L'Engle,* 24 Fla. 542, 5 So. 235; *Goodall v. Brite,* 1 Cal. (2d) 583, 36 Pac. (2d) 190; *Tulare Irrigation District v. Superior Court,* 197 Cal. 649, 242 Pac. 725.

An authoritative text states the rule as follows: "While, as already shown, appellate courts or judges are ordinarily not vested with original jurisdiction in the matter of granting injunctions, express authority being necessary for the exercise of such jurisdiction, such a court may in the exercise of its appellate jurisdiction award an injunction for the purpose of protecting the subject-matter of the appeal, and preserving the *status quo* of the parties in their relation thereto, so that the judgment rendered will not be ineffectual. Nevertheless, the power to issue the injunction should not be exercised unless it is indispensable to the protection of the rights of the party asking it." 32 C. J. 289.

We think the case before us is one which warrants the protective action of this court. Unless a restraining order be issued, the property of relator will be irreparably damaged and imperiled, and any relief obtained by the appeal would be ineffectual and moot. The rights of the respondent can be protected by a bond, properly conditioned and ample in amount. While it is true that the issuance of a restraining order pending an appeal to protect or enforce the

jurisdiction of the court, or to protect the *status quo* of the parties to prevent irreparable pecuniary damage, should be sparingly used, yet in a proper case if the purposes of justice require it and the means are at hand to fairly protect the appellee, such powers of the court should be exercised to make the appeal effectual.

For the reasons herein stated, the respondent will be temporarily restrained during the pendency of the appeal from in any manner interfering with or molesting the relator in connection with its small loan business and from prosecuting any complaint or proceeding arising out of the denial by said respondent on February 28, 1941, of a license to carry on said business, upon giving bond in such amount and conditioned as required by the restraining order issued herewith.

MOTION FOR INJUNCTIVE RELIEF SUSTAINED.