IN RE GUARDIANSHIP OF JOHN SCHULTE, JR.

NICHOLS, NICHOLS & MILROY, Appellees, v. ROSA SCHULTE, Guardian, Appellant.

No. 45665.

DECEMBER 9, 1941.

Boddicker & Baird, for appellant.

Nichols, Nichols & Milroy, for appellees.

MILLER, C. J.—John Schulte, Jr., was ordered committed to the hospital for the insane at Independence, Iowa, on or about April 16, 1935, and was so confined until about January 12, 1940. Following his commitment, his wife, Rosa Schulte, was appointed guardian of all his property. She qualified and is acting as such. About December 1, 1939, the claimants herein were retained as attorneys to undertake to secure Schulte's release from the hospital. As a result of their efforts, a hearing was had before the district court, which found him to be competent and ordered his release. Since all of his property is in the possession of his guardian, the attorneys filed a claim for compensation, which was resisted by the guardian.

Hearing was had upon the claim in the probate proceedings before the court, without a jury. Evidence was offered by claimants to show the nature of the services rendered and their value. At the conclusion of such evidence, the guardian moved to dismiss the claim for the following reasons:

"1. That the Court has no jurisdiction to make a finding in favor of the plaintiff herein.

"2. That the Claimant has wholly failed to prove a contract with the guardian.

"3. That any contract alleged or proven has not been proven to have been entered into with the approval of the court.

"4. That the Claimant has failed to allege or prove that the services rendered to the ward were for necessaries.

"5. That the Claimant has failed to prove the time spent in each service claimed to have been rendered, or the value of same, from which the court can place a value on each item."

The motion to dismiss the claim was overruled. The guardian introduced no evidence. Both parties rested. The matter was submitted to the court, which allowed the attorneys $250 for their services. Judgment was entered accordingly, from which the guardian appeals, asserting that her motion to dismiss the claim should have been sustained.

If the court was correct in determining that the services rendered for the ward were for necessaries and that paragraph 4 of the motion to dismiss was properly overruled, by the same token, paragraphs 1, 2 and 3 of the motion were also without

merit. This necessarily follows from our decision in the case of In re Nelson, 229 Iowa 666, 294 N. W. 922, and cases cited therein. We there held that a probate court has jurisdiction to hear and determine a claim for necessaries furnished an incompetent under guardianship, that, from the furnishing of such necessaries, a contract to pay therefor is implied, that failure to secure authority from the court for such necessaries before they are furnished is not fatal to the claim because the propriety of furnishing such necessaries may be determined by the court when allowance therefor is asked.

We do not find any decision by this court determining whether or not legal services, furnished one deprived of his liberty in an insane hospital to secure his release from such commitment, constitute the furnishing of necessaries for the incompetent. Other courts, however, have expressly so held. In re Estate of Freshour, 174 Mich. 114, 140 N. W. 517, 45 L. R. A., N. S., 67, Ann. Cas. 1915A, 726; McKee's Admr. v. Ward, 18 Ky. L. Rep. 987, 38 S. W. 704; Carter v. Beckwith, 128 N. Y. 312, 28 N. E. 582. While there appears to be a division of authority on the question, see 28 Am. Jur. 700, we are disposed to the view and hold that the rule announced by the cases cited herein is the better rule and should be adopted by us. Accordingly, we hold that the legal services rendered the ward herein constitute the furnishing of necessaries, an agreement to pay therefor is to be implied from the furnishing of the same, approval of the court may be had at the time allowance therefor is asked and the probate court has jurisdiction to hear such claim and allow the same.

We are also satisfied that, under the record herein, the legal services were furnished in good faith, for the benefit of the ward and that the allowance made by the court therefor is fully sustained by the record herein.

The fifth ground of the motion to dismiss challenges the sufficiency of the evidence to prove the time spent on each item of the claim and the value of each item. We think that this contention is hypercritical. The guardian did not ask that the items of the claim be made more specific. She filed only a general denial. The evidence offered was sufficient to show the nature of the services rendered and the value of such services as stated

in the claim. Upon the issues as joined herein, the evidence was sufficient to support the findings and judgment of the trial court.

Finding no merit in the assignments of error, the judgment is affirmed.—Affirmed.

All JUSTICES concur.