No. 37,528

In the Matter of the Estate of ANNA C. HOLDER, an Incompetent Person, *Appellant*, v. W. D. JOCHEMS, Guardian of the Estate of Anna C. Holder, Incompetent, et al., *Appellees*.

(204 P. 2d 777)

Opinion filed April 9, 1949.

*Patrick J. Warnick* and *Roy L. Rogers,* both of Wichita, argued the cause, and *Alan B. Phares* and *Joe T. Rogers,* also of Wichita, were with them on the briefs for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and was on the briefs for appellee W. D. Jochems.

The opinion of the court was delivered by

ARN, J.: This appeal involves a judicial construction of G. S. 1947 Supp. 59-2408, concerning the right to a trial by jury in the district court on an appeal from the probate court from an order denying restoration to capacity of a person previously adjudged incompetent.

On or about December 9, 1946, the appellant was adjudged mentally incompetent. This action was commenced some ten months later by her filing in the probate court a petition for restoration to capacity. After due notice and hearing, the probate court found that petitioner (appellant here) had not been restored to capacity and an order was made denying her petition. From that order of the probate court, petitioner perfected her appeal to the district court, and requested a trial by jury. A jury was empanelled and by its verdict found that the petitioner had been "restored to capacity and is capable of managing her estate." The guardian (appellee here) thereupon filed what he termed a "Motion for Judgment or New Trial," stating that the jury verdict was advisory

only and should not be approved by the court because the petitioner had failed to show she had been restored to capacity; and that the jury's verdict was in conflict with the evidence. The district court held the jury verdict to be an advisory verdict only and set it aside for the reasons stated in the guardian's motion. The court also found and adjudged that the petitioner had not been restored to mental capacity and was still incapable of managing her property and affairs.

It is from these rulings and orders of the district court that petitioner has appealed to this court.

The single question here presented is whether a person who had theretofore been adjudged incompetent is entitled, as a matter of right, to a trial by jury in the district court upon an appeal from the probate court's order refusing to restore capacity.

Let us refer to pertinent sections of the Kansas probate code (G. S. 1947 Supp. ch. 59.) Section 59-2268 provides for the filing of a petition in the probate court for restoration to capacity. Section 59-2401 contains twenty-one different subsections dealing with twenty-one different orders, judgments, or decrees which are appealable from the probate to the district court, and among these are:

(5) An order allowing, or disallowing, a demand in whole or in part when the amount in controversy exceeds fifty dollars.

(17) An order adjudging, or refusing to adjudge, a person incompetent.

(18) An order committing, or refusing to commit, a patient to a state hospital.

(19) An order granting or denying restoration to capacity.

Section 59-2212 provides that "trials and hearings in probate proceedings shall be by the court unless otherwise provided by law." Section 59-2408 provides:

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in such court and as though such court would have had original jurisdiction in the matter. The district court shall allow and may require pleadings to be filed or amended. The right to file new pleadings shall not be abridged or restricted by the pleadings filed, or by failure to file pleadings, in the probate court; nor shall the trial in, or the issues to be considered by, the district court be abridged or restricted by any failure to appear or by the evidence introduced, or the absence or insufficiency thereof, in the probate court. *All appeals other than those from the allowance or disallowance of a demand, adjudging or refusing to adjudge a person incompetent, and committing or refusing to commit a*

*person to a state hospital, shall be tried by the court without a jury, but the
court may call a jury in an advisory capacity or in a proper case may refer
the matter or part thereof to a referee."* (Italics supplied.)

It is the last sentence of the above section upon which the question here involved really turns. This last sentence simply means: That of the twenty-one different appeals listed in section 59-2401, quoted above, all of them except those designated as subsections (5), (17) and (18) shall be tried by the court without a jury; but the court may call a jury in an advisory capacity, or in a proper case may refer the matter or part thereof to a referee.

Appellant contends that the above three types or classes of appeals *must* be tried to a jury, but that is not an issue in the instant case and a discussion of that question could serve no purpose here. The sole question now before this court is whether section 59-2408 entitles a person appealing to the district court from an order *granting or denying restoration to capacity* to a jury trial as a matter of right.

Appellant next contends that there is no reason for making a distinction in this respect between appeals from orders *adjudging or refusing to adjudge a person incompetent* and those *granting or denying restoration to capacity*, because in either case the real and only issue is the competency of the person involved. However, by this section (59-2408) the legislature has clearly, and we think intentionally, provided that all except three classes of appeals shall be tried to the court. It has specifically named the three classes so excepted, and *an order granting or denying restoration to capacity* is not one of them. Where the language of the statute is clear, we need not search for the reasons which prompted the legislature to write it.

Appellant argues that on appeal to the district court, this case was to be tried as any case at law and the proceedings of the probate court "pass into the penumbra of the picture"; that the machinery is that of judge and jury, coördinate, but with each supreme in its own field. It appears from these words appellant is contending that this case before the district court on appeal from an order denying restoration to capacity resembled any district court action at law, and the right to trial by jury was inviolate. There is no merit to such contention. The case of *State v. Linderholm,* 84 Kan. 603, 114 Pac. 857, came to this court after both probate and district courts

had adjudged defendant insane. The jury provided by the laws of 1909 for hearings in both the probate and district courts was a jury of four. It was claimed on appeal to this court that the right of trial by jury as guaranteed by the constitution had been violated. This court said:

"Although the hearing of a case of this kind is ordinarily designated as a trial, it is not so in the sense of the constitution. The proceeding is merely an inquest conducted primarily for the benefit of the person whose mental state is in question, and it bears no resemblance to an action, either civil or criminal. . . . On appeal to the district court the nature of the proceeding was not changed. It was still an inquest of lunacy, the same as it had been in the probate court, and the jury provisions of the civil and criminal codes were not applicable." (pp. 603-604.)

(See, also, 91 A. L. R. 96n; and *Hall v. Brown*, 129 Kan. 859, 284 Pac. 396, and cases cited pp. 861-862.) These cases were decided before the existing probate code (G. S. 1947 Supp., ch. 59) was enacted, but the language there used is applicable to any similar contention made under the new code.

*In re Estate of Henry*, 156 Kan. 788, 137 P. 2d 222, did not involve proceedings for restoration to capacity, but it was an appeal from the probate court to the district court where respondents claimed they were entitled to a jury trial under G. S. 1947 Supp., 59-2408, the same statute we are considering here. It was held that since the appeal there involved was not one of the exceptions stated in section 59-2408, it must be tried without a jury, although an advisory jury might be called.

An appeal from an order granting or denying restoration to capacity is not one of those three classes specifically excluded by the last sentence of section 59-2408, G. S. 1947 Supp., and not being excluded, it is included with those appeals which shall be tried by the court without a jury, unless a jury is called in an advisory capacity. It follows that the district court did not err in disapproving the advisory verdict and in making its own findings as to the mental capacity of the petitioner. None of the testimony was abstracted and no record is submitted for the determination by this court of any other issue than the construction of the aforesaid statute.

The judgment of the trial court is affirmed.