No. 37,811

In the Matter of the Estate of Anna C. Holder, an Incompetent Person (W. D. JOCHEMS, Guardian, *Appellant*, v. P. D. WARNICK, et al., *Appellees*).

*(215 P. 2d 166)*

Opinion filed February 28, 1950.

*Emmet A. Blaes,* of Wichita, argued the cause for the appellant.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers* and *Pat Warnick,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a claim by two attorneys for fees and by three additional parties for services and expenses incurred in a hearing on the application of an incompetent person to be declared restored.

There were two claims for attorney fees, two claims by doctors and one claim by the Wichita Guidance Center. They were all allowed by the probate court and on appeal by the district court. The guardian has appealed.

There is not much dispute about the facts. Anna C. Holder was adjudged incompetent in the probate court on December 9, 1946. On October 25, 1947, she submitted a petition for restoration to capacity. On December 2 the matter was tried in the probate court and the petition denied. Thereupon an appeal was taken to the district court, where the proceedings were tried before a jury, which rendered a verdict in favor of the incompetent on June 3, 1948. On the 16th of July, 1948, the district court having previously set aside the verdict of the jury rendered a judgment finding the incompetent had not been restored and she still was incapable of managing her property and affairs. An appeal was taken to this court on the question of whether she was entitled to a jury trial as a matter of law or whether the district court had the power to consider the

jury's verdict as being merely advisory. We affirmed the judgment of the district court. (See *Holder v. Jochems*, 167 Kan. 83, 204 P. 2d 777.) On July 21, 1948, the appellees herein, that is, the two lawyers, the two doctors and the Wichita Guidance Center, filed their petitions in the probate court for allowances for fees and expenses in connection with the restoration case. On the 24th of July the probate court entered an order making the allowances. Thereupon the guardian of the estate of Anna C. Holder appealed to the district court. In the district court the evidence was all stipulated by the parties. That stipulation is, as follows:

"1. The subject matters of these appeals consist of allowances made by the Probate Court of Sedgwick County, Kansas to be paid out of the estate of the above named Anna C. Holder, an incompetent person, to the following persons in the following amounts:

| | |
|---|---|
| "P. J. Warnick | $1,500.00 |
| Dr. Ralph L. Drake | 100.00 |
| Dr. Gilbert L. Little | 50.00 |
| Wichita Guidance Center | 20.00 |
| Rogers & Rogers | 1,000.00 |

"2. The said allowances to P. J. Warnick and to Rogers & Rogers were made on petitions filed in the Probate Court of Sedgwick County, Kansas, claiming compensation for services allegedly rendered on behalf of the said Anna C. Holder in connection with proceedings heretofore had in the District Court of Sedgwick County, Kansas, for the restoration of the said Anna C. Holder to legal competency, the said proceedings being entitled 'In the Matter of the Estate of Anna C. Holder, an Incompetent Person,' Case No. A-24687.

"3. The said allowances to Dr. Ralph L. Drake, Dr. Gilbert L. Little, and the Wichita Guidance Center, were made on a petition in the Probate Court of Sedgwick County, Kansas, claiming compensation for psychiatric examinations and witness fees for the claimants in connection with the said restoration proceedings in the District Court.

"4. At the time the said claimants purported to have been employed and at all times while the said services purported to have been rendered, the said Anna C. Holder was legally incompetent in accordance with an adjudication previously entered in the Probate Court of Sedgwick County, Kansas, on the 9th day of December, 1946, and during all of said time her business affairs were being handled by her duly appointed, qualified, and acting legal guardian, W. D. Jochems.

"5. The said Guardian of the estate of Anna C. Holder was at no time a party to the purported employment of any one of the said claimants, nor did he at any time acquiesce or approve of the said employment in any manner whatsoever.

"6. If it be adjudged that the Guardian of the estate of the said Anna C. Holder is legally liable for the payment of the said compensation of the claimants, the amounts above set forth for the respective claimants are fair and reasonable amounts for the respective services rendered by them.

"7. There is no evidence that any one of the claimants acted in bad faith either in the filing or in the conducting of the said restoration proceedings in the District Court.

"Thereupon, all parties having rested, the Court heard the arguments of counsel both for and against the allowance of the said claims. Having been duly advised in the premises, the Court found that the said claims should be allowed in the amounts set forth in the said Stipulation, and that the Guardian should be ordered to pay the same out of the funds of the estate of the incompetent. The Court further found that the Court costs herein should be paid by the said Guardian out of the estate of the incompetent.

"It Is So Ordered, Adjudged and Decreed.

"/s/ Clair E. Robb,
Judge."

The guardian appealed and his specifications are that the trial court erred in allowing the appellees' claims and adjudging that the guardian should pay the same out of the funds of the estate of the incompetent and also adjudging that the costs should be paid by the guardian out of the estate of the incompetent. He states the questions here to be:

1. Can a person who has been adjudged mentally incompetent enter into a contract enforcible against the guardian of the estate of such incompetent?

2. Can a claimant who alleges the performance of certain service for a person who has been adjudged mentally incompetent, the claimant having been fully informed of such adjudication before rendering the services, compel payment for the alleged fair and reasonable value of such services by the guardian of the estate of the incompetent in the absence of any authorization from the guardian for such services?

The guardian bases his argument on the provisions of G. S. 1947 Supp. 59-1801, 1804.

G. S. 1947 Supp. 59-1804, reads as follows:

"A guardian shall be subject to the control and direction of the court at all times and in all things. A guardian of the person shall have charge of the person of the ward. A guardian of the estate shall (1) prosecute and defend for his ward; (2) sell assets of the estate when the interests of the ward and his estate require the sale thereof; (3) pay the reasonable charges for the support, maintenance, and education of the ward in a manner suitable to his station in life and the value of his estate; but nothing herein contained shall release parents from obligations imposed by law as to the support, maintenance and education of their minor children; (4) pay all just and lawful debts of the ward and the reasonable charges incurred for the support, maintenance, and education of his spouse and children; (5) possess and manage the estate, collect all debts and claims in favor of the ward, or with the approval of the court compromise the same; and (6) invest all funds, except such as may be currently needed for the debts and charges aforesaid and the management of the estate, in such securities as are proper for the investment

of trust funds, including securities approved by the comptroller of the currency of the United States for the investment of trust funds by national banks."

Appellant argues from the above provisions that one declared incompetent does not have power to enter into contracts on his own behalf: He argues the statute does not allow room for any person to render services allegedly for the benefit of the incompetent, but without the authority or approval of the guardian, and to then claim payment for the same from the guardian, that is, as long as the guardianship continues, the only contracts, either express or implied, binding upon the guardian of the estate of his ward are those which the guardian makes in the case of direct contracts and those which the guardian causes to come into being by his conduct in the case of quasi contracts. Authorities are cited where we have held such to be the law as to direct contracts. The argument of the appellant is that, should it be held these attorneys may be paid from the assets of the estate of the ward, then it will be an invitation for proceedings without merit to be brought by intermeddlers to restore incompetent persons. The argument is that before counsel instituted these proceedings they should have requested the guardian to give them permission to do so and on the refusal of the guardian they should have asked permission of the probate court. This argument is answered in part by the provisions of G. S. 1947 Supp., 59-2268. That section provides as follows:

"Any person who has been adjudged insane or incompetent as herein provided, or his guardian, or any other person interested in him or his estate may petition the court in which he was so adjudicated or to which the venue has been transferred to be restored to capacity: *Provided,* A petition for the restoration to capacity of a patient committed to a state hospital shall not be filed within six months after the patient's admission thereto nor oftener than once every six months. Upon the filing of such petition, the court shall fix the time and place for the hearing thereof, notice of which shall be given to the superintendent thereof if the patient is under the control of or has been discharged from a state hospital, and to such other persons and in such manner as the court may direct. Any person may oppose such restoration. Upon hearing of the petition and proof that such person has been restored to capacity and is capable of managing his person and estate, the court shall adjudge him restored to capacity. If the venue has been transferred no proceedings need be had in the court from which the venue was transferred."

It is noted that a petition to restore any person who has been adjudged incompetent may be brought by the incompetent person, by

his guardian or by any other person interested in him or his estate. The statute thus confers authority on the incompetent person to petition the court to be restored. It also bestows that power on any person interested in him. We cannot say from this record that the two attorneys who made the claim for fees in this case were not interested in Anna C. Holder. There is no doubt about the meaning of the above provisions. If the legislature had intended the proceedings to restore an incompetent could only be brought by the guardian or with the consent of the guardian, then it would not have made the provision that the petition might be brought by any person interested in the incompetent. This provision carries with it by implication that a lawyer who files such a petition and presents it to the probate court may be paid from the estate of the incompetent. That is undoubtedly what the legislature intended when it enacted such broad authority to file such a petition. Should we hold in conformity with the argument of the guardian here, no lawyer could undertake such a proceeding except on a contingent basis unless he were paid by some person interested in the incompetent. We cannot read such an intention from the provisions of this statute.

Appellant argues the matter should have been brought to the attention of the probate court and the court's consent to the proceedings should have been had. If it refused, an appeal could have been taken to the district court. That is not what the statute requires, however. In this matter no question is raised about the value of the services of the counsel. No question is raised about the good faith of the lawyers. They appeared in probate court and on appeal in the district court and in this court. They were recognized before all three courts and spoke for the incompetent person. Nothing happened except to permit the ward's condition to be presented in court. No question of any advantage being taken of an incompetent person was raised.

*Sheneman v. Manring*, 152 Kan. 780, 107 P. 2d 741, was a case where an action had been brought against a guardian of an incompetent to compel the guardian to contribute to the support of the incompetent person's indigent daughter. We held that it was proper for the guardian to be compelled to make the contribution. We also said:

"In the case at bar the trial court allowed an attorney's fee for legal services in behalf of the indigent petitioner. The amount of the fee is not contested, but only its legality. We think it was allowable under analogous precedents."

The analogous precedents referred to in the above were all cases where we held in an action to construe wills the lawyer who brought the action for the contestant should be paid out of the assets of the estate even though the contest was not successful. There is an analogy between these authorities and the instant case. The statute provides for proceedings to ascertain whether or not an incompetent has been restored. The counsel in this action simply presented the matter to the three courts, as has been heretofore remarked. Their services were a great deal the same as services performed by the contestant of a will and in which we have held that the lawyer should be paid out of the assets of the estate. (See *Weightman's Estate*, 126 Pa. Sup. Ct. Rep. 221, 190 Am. R. 552; *In Re Schulte*, 231 Iowa 237, 1 N. W. 2d 193; 32 C. J. 738, § 522; and 32 C. J. 741, § 526.)

This is not to say that in every case brought to restore a ward to competency, counsel may be reimbursed out of the assets of the estate. Every case will depend upon its own surrounding facts and circumstances. Here the probate court of Sedgwick county heard the proceedings in the first place, the same court heard the application for allowance of attorney fees and other expenses incident to the restoration hearing and would have been the court to pass upon whether or not the action should have been brought in the first place had the proceeding contended for by the guardian have been followed. The value of the services as well as the good faith of the lawyers is conceded.

The judgment of the lower court is affirmed.

THIELE and WEDELL, JJ., dissent.