No. 80-52017-A
and
No. 80-52018-A
(Consolidated)

WILLIAM J. RANDALL, *Appellant*, v. ROSALIE SEEMANN, *Appellee.*
(613 P.2d 1376)

Opinion filed July 18, 1980.

*Allen Shelton,* of Clark & Shelton, of Hill City, argued the cause and was on the brief for the appellant.

*Ronald S. Shalz,* of Cooper & Shalz, of Colby, argued the cause, and *Laurence A. Taylor,* of the same firm, and *Perry Murray,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is a consolidated appeal of two cases arising from the recall of Thomas County Commissioner William J. Randall, plaintiff-appellant herein. The defendant-appellee is Rosalie Seemann, Thomas County Election Officer.

On December 17, 1979, the first set of recall petitions was filed with defendant. Two days later defendant determined the recall petitions were sufficient, formally advised plaintiff of her determination, and tentatively set the recall election for March 4, 1980. On January 3, 1980, plaintiff filed case number 80-C-1 (subsequently appeal number 80-52018-A), challenging the scheduled recall election on various grounds. On January 11, 1980, while said action was pending, defendant, acting upon advice of the county attorney, redetermined the sufficiency of the recall petitions and found they were insufficient as they did not conform to the statutory requirements. In her answer to plaintiff's petition,

defendant, in essence, admitted the insufficiency of the recall petitions. On January 30, 1980, the trial court dismissed plaintiff's action as moot. On March 10, 1980, plaintiff's motion to alter or amend the January 30 order to reflect a determination on the merits and to enjoin the March 4, 1980, recall election was denied.

Meanwhile, on January 21, 1980, a second set of recall petitions was filed with the defendant. On the following day defendant notified plaintiff that the new recall petitions had been determined to be legally sufficient and set the recall election on the new petitions for April 1, 1980. On February 19, 1980, plaintiff filed case number 80-C-31 (subsequently appeal number 80-52017-A), challenging the April 1 recall election on various grounds. Thereafter, both parties filed motions seeking summary judgment on the petition and said motions were heard on March 10, 1980. At the conclusion of the hearing the trial court sustained defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Thereafter, plaintiff duly perfected his appeals in both cases which were subsequently consolidated for briefing and hearing.

We shall first consider the issues in appeal number 80-52017-A, which arises from the second set of recall petitions. At the conclusion of the joint hearing of each party's motion for summary judgment, the court found the recall petitions to be legally sufficient and entered summary judgment in favor of defendant.

The issues raised by plaintiff are outlined as follows:

 I. Issues relative to the legal sufficiency of the second set of recall petitions.
  A. Sufficiency of the grounds.
   1. Whether in compliance with K.S.A. 1979 Supp. 25-4302.
   2. Whether stated in sufficient particularity to comply with K.S.A. 1979 Supp. 25-4320(*a*).
  B. Sufficiency as to number of registered voters signing the petitions.
  C. Sufficiency as to whether plaintiff was "being subjected" to another recall election at the time of the filing of the petitions herein (K.S.A. 1979 Supp. 25-4326).
 II. Issues relative to the propriety of the trial court's conduct of the hearing.

    A.  Alleged error in taking judicial notice of defendant's official records.

    B.  Alleged error in permitting defendant to testify.

III. Constitutional issues (raised in the alternative to other issues).

    A.  Violation of Article 4, Section 3, of the Kansas Constitution.

    B.  Violation of the due process clause of Section 18 of the Bill of Rights of the Kansas Constitution and of the Fourteenth Amendment to the United States Constitution.

Defendant contends:

1. The recall petitions are legally sufficient;

2. The trial court did not err in its findings, conclusions or conduct of the proceeding;

3. The recall procedure is constitutionally valid; and

4. K.S.A. 1979 Supp. 25-4302 legally moots any post-election appellate review as to the sufficiency of the recall petitions.

We shall first determine whether the issues relative to the sufficiency of the recall petitions are legally moot by virtue of K.S.A. 1979 Supp. 25-4302, which provides:

"Grounds for recall are conviction of a felony, misconduct in office, incompetence or failure to perform duties prescribed by law. *No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured.*" (Emphasis added.)

The emphasized portion of the statute is plain and unambiguous. In such circumstances the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Johnson v. McArthur,* 226 Kan. 128, 596 P.2d 148 (1979); *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 573 P.2d 1073 (1978); *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 557 P.2d 1286 (1976). In construing a statute, the language of which is plain, it is not the function of this court to search for reasons for its enactment. *Holder v. Jochems,* 167 Kan. 83, 204 P.2d 777 (1949).

The action herein was filed to prevent the recall election from being held. The election has been held and plaintiff has been recalled. Even if plaintiff's contentions relative to the sufficiency of the recall petitions are meritorious, K.S.A. 1979 Supp. 25-4302

precludes the voiding of the election. In *Burnett v. Doyen,* 220 Kan. 400, 552 P.2d 928 (1976), this court stated:

"We have frequently said it is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court. (*Diehn v. Penner,* 169 Kan. 63, 216 P.2d 815; *Bumm v. Colvin,* 181 Kan. 630, 312 P.2d 827; and *Thompson v. Kansas City Power & Light Co.,* 208 Kan. 869, 494 P.2d 1092, cert. denied, 409 U.S. 944, 34 L.Ed.2d 215, 93 S.Ct. 270.) Here the plaintiff did not seek damages, but rather sought a declaratory judgment and a restraining order. Since this court could grant no further or additional relief under the facts and circumstances involved, the matter is moot." (p. 403.)

Plaintiff anticipated and ably summarized the present posture of the case in his motion for injunction pending appeal when he stated:

"The following language of the Court in *Masses Publishing Co. v. Patten,* 245 F. 102, 103, quoted with approval in *State ex rel. Phoenix Loan Co. v. Marsh,* supra [139 Neb. 290, 297 N.W. 551 (1941)], at 133 A.L.R. 1103, is applicable here:

" 'Defendant's situation, however, is quite different. The order appealed from if complied with, fulfills the whole object of suit. If reversed, no restitution or restoration of *status quo* is possible; and in my judgment the appeal becomes a futility, presenting to the appellate court nothing but an interesting moot point. . . . I . . . therefore strongly incline to the view that this is the rare instance in which an appeal without a stay is not only futile, but legally impossible; yet the statute gives the absolute right of appeal.'

"K.S.A. [1979 Supp.] 25-4302 provides in part:

" 'No recall submitted to the voters shall be held void because of the insufficiency of the grounds, application, or petition by which the submission was procured.'

"Further, K.S.A. [1979 Supp.] 25-4330 reads as follows:

" 'If a majority of the votes cast on the question of recall favor the recall of the local officer, the county board of canvassers shall so determine and the county election officer shall so certify and *the office shall be vacant on the day after the date of certification.* A vacancy caused by a recall shall be filled as a vacancy caused by other means.' (emphasis supplied.)

"Thus, once the recall election is held, Plaintiff can no longer prosecute his appeal, because under K.S.A. [1979 Supp.] 25-4302, the sufficiency of the recall petitions is then immune from attack. And, although Plaintiff has an absolute right of appeal under K.S.A. 60-2102, that appeal will become futile and moot, unless this Court enjoins Defendant from conducting the recall election pending this appeal."

The Court of Appeals denied the injunction; the election was held; plaintiff was recalled; and plaintiff's successor has been appointed and is now serving. We must conclude that all issues relative to the sufficiency of the recall petitions are legally moot by virtue of K.S.A. 1979 Supp. 25-4302.

We turn now to the issues relative to the propriety of the trial court's conduct of the hearing herein. These issues are likewise legally moot as the election may not be voided even if this court were to conclude the trial court erred in the respects urged by plaintiff.

This brings us to the constitutional questions. Plaintiff states the issues and his position thereon as follows:

"Plaintiff's argument on this point is alternative only. That is, if the Court construes K.S.A. [1979 Supp.] 25-4302 and K.S.A. [1979 Supp.] 25-4320 so as to uphold the stating of grounds for recall in such a vague and indefinite manner as in the recall petitions in question, then it is Plaintiff's position that such statutes are unconstitutional. Obviously, if the Court adopts Plaintiff's position that the recall petitions do not state grounds for recall as required by those statutes, then this constitutional argument does not apply.

"Assuming then, for purposes of argument only, that this Court determines that K.S.A. [1979 Supp.] 25-4302 and K.S.A. [1979 Supp.] 25-4320 permit and contemplate the filing of recall Petitions with a statement of grounds as vague and indefinite as in the present recall Petitions, the Legislature has not carried out the constitutional mandate of Article 4, Sec. 3 of the Kansas Constitution. That provision reads as follows:

" 'All elected public officials in the state, except judicial officers, shall be subject to recall by voters of the state or political subdivision from which elected. Procedures and grounds for recall shall be prescribed by law.'

. . . .

"Thus, since the Kansas Constitution clearly requires that there be 'grounds' for recall, the Legislature must require the statement of the facts and circumstances constituting the grounds selected. This the Legislature has, Plaintiff contends, attempted to do by requiring each recall petition to contain the grounds for recall described in particular. (K.S.A. [1979 Supp.] 25-4320[a].) However, if the Court finds, for some reason, that the Legislature has not required a particular statement of the grounds for recall, then it follows that the Legislature has failed to meet the constitutional requirement of Article 4, Sec. 3.

"Further, it is Plaintiff's position that if the statutes in question are construed to allow the filing of such vague and indefinite grounds for his recall, then such statutes deny him due process of law as guaranteed by the Fourteenth Amendment to the U. S. Constitution and by Sec. 18 of the Bill of Rights of the Kansas Constitution."

Plaintiff states the constitutional questions are only applicable if this court has determined that the grounds stated in the recall petitions herein are statutorily sufficient. Inasmuch as this court has concluded all issues relative to the sufficiency of the recall petitions are moot, the constitutional questions are inapplicable.

We turn now to the issues raised in appeal number 80-52018-A which arise from the first set of recall petitions. The issues raised by plaintiff are:

1. Did defendant have the power to redetermine the sufficiency of the recall petitions?
2. Did the trial court err in denying plaintiff's motion to alter or amend its order of dismissal?

As noted in the factual summary, defendant, while this action was pending, voluntarily redetermined the sufficiency of the recall petitions, held them to be insufficient, and canceled the then scheduled March 4 election. The trial court subsequently dismissed the action as moot. Plaintiff's motion to alter or amend the dismissal order sought to convert the dismissal to a judgment on the merits of his petition. The action was brought to enjoin the March 4 election—the election was canceled. The action wholly accomplished its purpose. Why then does plaintiff challenge the technical form of his victory?

The answer to that question lies in the appeal herein determined. Defendant's redetermination and election cancellation occurred prior to the filing of the second set of recall petitions. However, the dismissal order was entered after such filing. K.S.A. 1979 Supp. 25-4326 provides that one of the factors to be considered by the clerk in determining the sufficiency of a recall petition is whether the officer sought to be recalled "is being subjected to another recall election."

If the sufficiency of the first petitions were to be determined by the court on their merits after the filing of the second set of recall petitions, then plaintiff would have been subject to "another recall election" at the time of their filing. This was one of plaintiff's challenges to the second set of recall petitions. When viewed in its proper light, appeal number 80-52018-A is in merely a sidecar to appeal number 80-52017-A previously determined to be wholly moot.

Whereas the issues raised herein could easily be disposed of on their merits, it would be incongruous to determine the issues of this sidecar appeal when the appeal to which they are attached has been declared moot. Plaintiff is seeking by these appeals to void his recall and to be reinstated to the office of Thomas County Commissioner. No ruling by this court in this appeal could grant relief to plaintiff and we must conclude the appeal is moot. See *Burnett v. Doyen,* 220 Kan. 400.

The appeals are dismissed as moot.