(843 P.2d 735)

No. 68,50█

In the Matter of the Petition of Jane Doe for Waiver of Notice.

Opinion filed August 28, 1992. ██

*Per Curiam:* A pregnant minor appeals the district court's dismissal for lack of jurisdiction of her petition to obtain a waiver of parental notification under our new abortion regulation act. L. 1992, ch. 183. The district court ruled the "judicial bypass" relief is available only to unemancipated pregnant minors who are residents of Kansas.

We reverse and remand with directions.

The trial court concluded, as a matter of law, it lacked jurisdiction to decide the case because the minor is a resident of another state. Our review of conclusions of law is plenary or unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Section 5(a) of the act allows an unemancipated pregnant minor to petition a district court for a waiver of parental notification prior to receiving an abortion. Section 1(c) of the act defines "minor" simply as a person less than 18 years of age. Section 1(e) defines "unemancipated minor" as a minor who has never been married or freed from the care, custody, and control of the minor's parents.

When a statute is plainly and clearly worded, we must give effect to the statute as written, rather than determine what we think the law should or should not be. See *Martindale v. Tenny,* 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992); *Randall v. Seemann,* 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980).

As we read the statute, residency is not mentioned at all. We must conclude, therefore, that Kansas residency is not required for a pregnant woman, adult or minor, to have an abortion performed in this state, nor is residency required for an unemancipated pregnant minor to seek waiver of parental notification in this state pursuant to the statute.

In its ruling, the trial court reasoned that generally persons must be residents of this state to avail themselves of the legal system, including "divorce, annulment, change of name, and so on."

Granted, the legislature has clearly and explicitly imposed residency requirements for filing for divorce and for a name change. K.S.A. 60-1603(a); K.S.A. 1991 Supp. 60-1402(a). But no such residency requirements are listed for separate maintenance, which is a form of relief distinct from divorce. See *LeSueur v. LeSueur,* 197 Kan. 495, 419 P.2d 817 (1966); K.S.A. 60-1603(a). Nor is a residency requirement listed for an annulment. K.S.A. 60-1602. And see 1 Elrod, Kansas Family Law Handbook §§ 9.085, 9.092 (rev. ed. 1990); 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-1603, Comments (1979).

When the legislature intends to impose a residency requirement, it knows how to do so. In the present case, the legislature simply did not impose any residency requirements.

The trial court also reasoned that its power to grant a waiver of parental notification is based on *parens patriae,* which precludes it from exercising jurisdiction over nonresident minors. We disagree.

In the Kansas Code for Care of Children, the legislature expressly stated that the proceedings are grounded in the parental power of the State. K.S.A. 38-1501.

But the statute involved in the present case does *not* indicate *parens patriae* as the source of the court's power to grant a waiver of parental notification prior to receiving an abortion. Rather, the

statute operates as a regulatory scheme governing the conduct of health care providers in the state. The title of the law states:

"AN ACT concerning health care; relating to abortion; prohibiting certain acts with regard to abortion and prescribing penalties therefor; requiring counseling before performance of abortions on certain minors; requiring notification of certain persons before performance of abortions on certain minors; prohibiting certain acts with regard to certain health care facilities and providing penalties therefor; imposing certain prohibitions on political subdivisions; requiring informed consent to certain abortions; amending K.S.A. 21-3721 and repealing the existing section; also repealing K.S.A. 21-3407."

Further, the State also acts with respect to *non*resident minors through its parental power. For example, if a minor is arrested for crimes committed in Kansas, our courts have jurisdiction to exercise dispositional authority regardless of residency. See K.S.A. 38-1604; K.S.A. 38-1605(b); K.S.A. 38-1661 *et seq.*

Simply put, the abortion statute contains no residency requirement for the seeking of a waiver of parental notification prior to an unemancipated pregnant minor receiving an abortion in this state. If a residency requirement is to be written into the statute, it is for the legislature, and not the courts, to do so. See *Joe Self Chevrolet, Inc. v. Board of Sedgwick County Comm'rs,* 247 Kan. 625, 633, 802 P.2d 1231 (1990).

Reversed and remanded with directions to make appropriate findings and conclusions as described in section 5(e) of the statute.