No. 57,427

CITY OF WICHITA, KANSAS, a Municipal Corporation, *Appellant,* v.
WICHITA FIREMEN'S RELIEF ASSOCIATION, *Appellee.*

(708 P.2d 201)

Opinion filed
October 25, 1985.

*Stephen J. Jones,* city attorney, argued the cause, and *John Dekker,* city attorney, was with him on the brief for appellant.

No appearance for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the city of Wichita seeking a declaratory judgment to determine the time when Wichita firemen were to be covered by the Workmen's Compensation Act (K.S.A. 44-501 *et seq.*). The action was brought against the Wichita Firemen's Relief Association, as the representative of the Wichita firemen.

At the outset, in order to understand the legal issue presented, it would be helpful to consider the applicable statutes and review their legislative history. Prior to 1974, firemen were not covered by the Workmen's Compensation Act unless a city or municipality agreed by contract for such coverage. In 1974, the Act was completely changed and updated. One of the most significant changes was that public employees were to be afforded coverage under the Act for the first time. To enable the taxing subdivisions and municipalities of the state to comply with state budgetary statutes, specifically K.S.A. 79-2925 through K.S.A. 79-2937, the 1974 amendments were *not* to take effect on July 1, 1974, as were all other new provisions of the amended act, but were to be effective January 1, 1975, the beginning of the ensuing budget year for municipalities. (L. 1974, ch. 203, § 4[d], p. 677).

Under the 1974 statute, firemen were mandatorily covered by the Act. However, due to problems with the firemen's relief association, K.S.A. 44-505d was added in 1975 to allow the

firemen to except themselves, by election, from coverage under the act, subject to agreement with the local governing body. K.S.A. 44-505d provides as follows:

"44-505d. **Firemen's relief association members; procedure for exemption and for coverage under act after exemption therefrom.** (a) The governing body of each firemen's relief association in any unit of local government of this state shall conduct an election among all of the members of the association *prior to August 1, 1975*, to determine whether such members shall be excepted from the provisions of the workmen's compensation act. If a majority of the members of any firemen's relief association in any unit of local government of this state vote in such election to except the members of such association from the provisions of the workmen's compensation act, the governing body of such association and the governing body of such unit of local government may enter into an agreement in writing to except such members from the provisions of the workmen's compensation act. Upon the execution of such agreement, the governing body of the firemen's relief association shall file a copy of the agreement and a statement of election to except the members of such association from the provisions of the workmen's compensation act with the director of workers' compensation.

"(b) *Prior to August 1 in any year thereafter,* the governing body of any firemen's relief association which has been excepted from the provisions of the workmen's compensation act under subsection (a), may conduct an election among all of the members of such association to determine whether such members shall be covered by the provisions of the workmen's compensation act in the manner otherwise provided by law. If a majority of the members of such association vote in such election to come within the provisions of the workmen's compensation act, the governing body of the association shall file with the director of workers' compensation a written statement of election to come within the provisions of the workmen's compensation act. Upon the filing of such statement, the members of such association shall be covered by the provisions of the workmen's compensation act.

"(c) Subsequent to an election resulting in coverage under the workmen's compensation act under subsection (b) and *prior to August 1 of any year thereafter,* the governing body of any such firemen's relief association may conduct an election in the manner provided in subsection (a) to except again the members of such association from the provisions of the workmen's compensation act as provided in subsection (a)." (Emphasis supplied.)

It should be noted that K.S.A. 44-505d(a) requires the election to determine whether the firemen shall be excepted from the provisions of the workmen's compensation act must be held *prior to August 1, 1975.* However, the decision of the firemen to except themselves from coverage under the act was not to be a final decision. K.S.A. 44-505d(b) gave the members of a firemen's relief association the right to elect to again be covered by the act, if a majority of the members of such association vote to be covered in a later election. Section (b) requires that such election

is to be held *prior to August 1 of any year.* If a majority of the members vote in favor of coverage, the governing body of the firemen's relief association is required to file with the workers' compensation director a written statement of election. Upon the filing of such statement, the members of the association shall be covered by the provisions of the act. K.S.A. 44-505d(c) permits members of a firemen's relief association to change their minds again and elect to except themselves from coverage under the act by another election to be held *prior to August 1* of any year thereafter.

Prior to 1980, a municipality was not specifically authorized by statute to be a self-insurer under the Workmen's Compensation Act. However, by a decision of the Supreme Court, a city was given that authority, provided there was compliance with the cash basis and budget statutes. *City of Wichita v. Wyman,* 158 Kan. 709, 150 P.2d 154 (1944). In 1980, K.S.A. 44-505f was enacted, authorizing a municipality to become a self-insurer under the act provided certain conditions were complied with. K.S.A. 44-505f provides as follows:

"44-505f. City as self-insurer; establishment of reserve fund; retransfers. (a) The governing body of any city may act as a self-insurer under the workmen's compensation act. *If the governing body elects to act as a self-insurer, it shall by resolution create a separate fund in the budget and accounts of such city which shall be a reserve fund for the payment of workmen's compensation claims, judgments and expenses.* Payments to such reserve fund may be made from moneys available to the city under the provisions of K.S.A. 44-505c, and amendments thereto, and by the transfer of moneys from any other funds or accounts of the city in reasonable proportion to the estimated cost of providing workmen's compensation benefits to the employees of the city compensated from such funds. Any balance remaining in such reserve fund at the end of the fiscal year shall be carried forward into the reserve fund for succeeding fiscal years. *Such fund shall not be subject to the provisions of K.S.A. 79-2925 to 79-2937, inclusive, and acts amendatory thereof or supplemental thereto, except that in making the budget of such city, the amounts credited to and the amount on hand in such reserve fund, and the amount expended therefrom, shall be included in the annual budget for the information of the residents. Interest earned on the investment of moneys in such fund shall be credited to such fund.*

"(b) If the governing body of any city shall determine on an actuarial basis that money which has been credited to such fund, or any part thereof, is no longer needed for the purposes for which it was established, said governing body may transfer such amount not needed to the funds or accounts from which the money was received. Any money so transferred shall be budgeted in accordance with the provisions of K.S.A. 79-2925 to 79-2937, inclusive, and acts amendatory thereof or supplemental thereto.

"(c) The provisions of this section shall be construed as supplemental to and as part of the workmen's compensation act."

This statute is important in the present case because Wichita has elected to become a self-insurer and the provisions of K.S.A. 44-505f must be complied with. It should be noted that K.S.A. 44-505f(a) provides that, "If the governing body elects to act as a self-insurer, it shall by resolution create a separate fund in the budget and accounts of such city which shall be a reserve fund for the payment of workmen's compensation claims, judgments and expenses." That section further states: "Such fund shall not be subject to the provisions of K.S.A. 79-2925 to 79-2937, . . . except that in making the budget of such city, the amounts credited to and the amount on hand in such reserve fund, and the amount expended therefrom, shall be *included in the annual budget* for the information of the residents."

With this statutory history and background in mind, we turn to the facts presented in the case now before us. Prior to August 1, 1975, the Wichita firemen elected to except themselves from the Workmen's Compensation Act pursuant to K.S.A. 44-505d(a). The City agreed to the exception. On or about December 1, 1982, the City of Wichita was advised that the firemen desired to have another election under K.S.A. 44-505d(b) in order to be covered by the Act. The firemen held an election on January 1, 1983, and the majority of the firemen voted in favor of coverage. The results of the election were finalized and a statement was filed with the director of workers' compensation on January 5, 1983. A dispute immediately arose between the City and Wichita Firemen's Relief Association as to the time when the Wichita firemen were to be covered by workers' compensation. The firemen maintained that they were covered by the Act effective January 5, 1983, when the written statement of election was filed with the director of workers' compensation. The City took the position that the election was not effective and workers' compensation coverage was not to be provided until January 1, 1984, the beginning of the next budget year.

In order to resolve the controversy, the City filed this declaratory judgment action in the district court of Sedgwick County on April 6, 1983. On October 21, 1983, the city and the firemen's association entered into an agreement in which they recognized the ambiguity in the statute as to when the election by the

firemen should become effective. Under the terms of the agreement, the firemen's association agreed to file an election immediately to change or to clarify the effective date of the desired workers' compensation coverage to be January 1, 1984. The association and the City then agreed to pay certain medical expenses for work-related injuries during the interim period. The parties recognized that the controversy was to be determined in the declaratory judgment action. In the event the court ruled in favor of the City's position, the agreement was to be effective. In the event the court ruled against the City's position, then the agreement was to become null and void.

Thereafter, the case was submitted to the trial court on the facts set forth above. The trial court entered judgment in favor of the firemen, holding that the election by the firemen to be covered under the Workmen's Compensation Act was effective upon the filing of the statement of election with the director of workers' compensation in Topeka on January 5, 1983. In arriving at this decision, the district court found that the requirements for budgeting contained in K.S.A. 44-505f and K.S.A. 44-505d set forth above were not relevant nor material for the reason that the City can cover unbudgeted expenses for workers' compensation by means of "no fund warrants." The City then brought this appeal.

It is the position of the City that the statutory language and the legislative history discussed above show that the provisions of K.S.A. 44-505d(b), which require that an election by a firemen's association to come under the provisions of the workmen's compensation act be conducted prior to August 1 in any year, were included in the statute for the sole purpose of enabling a city acting as a self-insurer to include provisions for the financing of its obligation to provide workers' compensation coverage in its budget for the ensuing year. August 1 is a significant date because the governing body of a municipality is required by K.S.A. 79-2927 to meet not later than August 1 of each year to prepare its budget.

The City argues that this provision indicates that the legislature was mindful of the budget law when it amended the Workmen's Compensation Act in 1980 and, therefore, K.S.A. 44-505d(b) should be construed in light of the budget statutes and K.S.A. 44-505f to mean that an election must be held prior to

August 1 of any year in order to become effective for the next budget year.

The interpretation of a statute is a question of law, and it is the function of the court to interpret the statute to give it the effect intended by the legislature. The general rules for statutory construction are set forth in *Szoboszlay v. Glessner*, 233 Kan. 475, 477-78, 664 P.2d 1327 (1983), where the court stated:

"[W]e are mindful of the fundamental rule of statutory construction, to which all others are subordinate, that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *Kansas State Board of Healing Arts v. Dickerson*, 220 Kan. 627, 630, 629 P.2d 187 (1981); *In re Adoption of Trent*, 229 Kan. 224, 228, 624 P.2d 433 (1981). The historical background and changes made in a statute are to be considered by the court in determining the legislative intent, and any changes and additions made in existing legislation raise a presumption that a change in meaning and effect was intended. *Moore v. City of Lawrence*, 232 Kan. 353, Syl. ¶ 6, 654 P.2d 445 (1982). In order to ascertain the legislative intent, courts are not permitted to consider only an isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.* 231 Kan. 731, 736, 648 P.2d 1143 (1982). When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann*, 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980); *Lakeview Gardens, Inc. v. State, ex rel. Schneider*, 221 Kan. 211, Syl. ¶ 2, 557 P.2d 1286 (1976)."

Here, K.S.A. 44-505d(b) is obviously ambiguous because it requires that an election by the members of a firemen's association to be restored to workers' compensation coverage be conducted prior to August 1 of any year, but then provides that the members of the association are covered upon the filing of the statement of election with the director of workers' compensation. There is no explanation in the statutes for the August 1 deadline.

We have concluded that the position of the city is legally correct and that under K.S.A. 44-505d(b) an election by firemen to come within the provisions of the Workmen's Compensation Act must be held prior to August 1 of any year in order for coverage to become effective at the beginning of the next budget year, as in the present case. The governing body of the City of Wichita has determined that it shall act as a self-insurer under the Workmen's Compensation Act. Under K.S.A. 44-505f, in order to do so, it is required by resolution to create a separate fund *in the budget* and accounts of the City which shall be a reserve fund for the payment of workers' compensation claims,

judgments and expenses. The City is afforded a great deal of discretion in setting up and maintaining such a fund under K.S.A. 44-505f(a), which provides that the fund shall not be subject to the provisions of K.S.A. 79-2925 through 79-2937, except that "in making the budget of such city, the amounts credited to and the amount on hand in such reserve fund, and the amount expended therefrom, shall be included in the annual budget." This language clearly demonstrates to us that the legislature intended that an election made pursuant to K.S.A. 44-505d(b) must be conducted prior to August 1 of any year in order to be effective for the next budget year. There is simply no other logical explanation for the August 1 deadline.

We have concluded that the district court was in error in holding to the contrary. It is thus the holding of this court that the election by the members of the Wichita Firemen's Relief Association to be covered under the Workmen's Compensation Act, which was conducted on January 1, 1983, did not become effective until the City, by resolution, created a reserve fund in its budget for the payment of workers' compensation claims, judgments, and expenses, and that coverage under the Workmen's Compensation Act did not become effective until the beginning of the budget year commencing January 1, 1984.

The judgment is reversed.