Charles A. Peckham Rawlins County Attorney 308 Main — Box 46 Atwood, Kansas 67730
Dear Mr. Peckham:
You request our opinion regarding the procedure for levying a tax that exceeds six mills for the operation of a county hospital. Specifically, you question whether the removal of all existing statutory levy limitations by the Legislature in 1999 affects the requirement of K.S.A.19-4606 that any proposition for a tax exceeding six mills be submitted to, and approved by, the voters of the county. You also ask whether the board of county commissioners must pass a resolution authorizing a levy in excess of six mills for a hospital that is governed by an elected hospital board.
A county hospital established under K.S.A. 19-4601 et seq. may be governed by a board that is appointed by the board of county commissioners (commission) or elected by the qualified electors of the county.[1] K.S.A. 19-4606 authorizes a tax levy to operate a county hospital as follows:
"(a) The commission or, in the case of an elected board, the board may annually levy a tax for the purpose of operating, maintaining, equipping and improving any hospital managed and controlled under the provisions of this act. . . . The commission or, in the case of an elected board, the board may levy such tax in any amount not exceeding six mills in any year without an election as provided in subsection (c) and such tax shall not be subject to or within any aggregate tax levy limit prescribed by law. . . .
. . . .
"(c) The commission or, in the case of an elected board, the board shall not levy any tax exceeding six mills under authority of subsection (a) . . . until the levy of such tax . . . has been authorized by resolution of the commission and approved by a majority of the qualified electors of the county voting on such question at a regular county primary or county general election, or if no regular county election is to be held within six months from the date of the adoption of the resolution, at a special election called by the commission for the purpose of submitting such question to the qualified electors. The increase in any tax levy authorized by any such election shall not be subject to or within any aggregate tax levy limit prescribed by law."
The Tax Reform and Relief Act of 1999[2] includes a section that suspends all existing statutory fund mill levy rate and aggregate levy rate limitations on taxing subdivisions in 1999 and each year thereafter.[3] We have previously opined that for purposes of K.S.A. 79-5021 et seq., a county hospital operated by an elected board of trustees is a taxing subdivision; however, the county commission is the taxing subdivision for a county hospital operated by an appointed board of trustees.[4] K.S.A. 19-4606 contains an exemption from any statutoryaggregate tax levy limit for taxes levied under its provisions. Your question is whether K.S.A. 2001 Supp. 79-5040, which suspends existing statutory fund mill levy rate limitations and aggregate levy rate limitations, suspends the election requirement of K.S.A. 19-4606 for a county hospital levy in excess of six mills. To answer your question, we must determine whether the reference to six mills in K.S.A. 19-4606
constitutes a statutory fund mill levy rate limitation suspended by K.S.A. 2001 Supp. 79-5040, or whether it is only a procedural trigger that activates the requirement for an election.
The fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained.[5] When the language of a statute is plain and unambiguous, the court should follow the intent expressed rather than determining what the law should or should not be.[6] It is presumed that when the Legislature enacts new statutes it does so with full knowledge of existing laws.[7] In order to ascertain legislative intent, courts are required to consider and construe together all parts of an act rather than considering only an isolated part or parts of an act.[8] Further, as far as practicable, courts will reconcile the different provisions in conflicting statutes so as to make them consistent, harmonious, and sensible.[9] Where there is a reasonable doubt as to the meaning of a tax statute, the Kansas Supreme Court has construed the statute most favorably to the taxpayer.[10]
The language of K.S.A. 19-4606 is plain and unambiguous when read alone. However, that language raises questions when read in conjunction with K.S.A. 2001 Supp. 79-5040. A careful reading of K.S.A. 19-4606
reveals that the statute allows the commission or an elected hospital board to propose a tax rate of over six mills and to levy the proposed rate if that rate is approved by the voters. The statute requires voter approval for any levy exceeding six mills, but does not limit the amount over six mills that can be levied as long as the voters approve that amount.
Although the Legislature amended various taxing statutes as part of the Tax Reform and Relief Act of 1999, including the repeal of a statute that required voter approval for a county to levy in excess of 1/2; mill for the operation, maintenance and repair of a home for the aged,[11] the Act does not mention the levy for hospitals under K.S.A. 19-4606. It is significant to note that while the Act amended some statutes that included election requirements for certain tax increases, the Legislature did not remove or change those existing election requirements in most of the statutes that were otherwise amended.[12]
The election requirements of K.S.A. 19-4606 have existed since the statute was enacted in 1984.[13] Those requirements were not amended in the Tax Reform and Relief Act of 1999, and they have not been changed since. Further, the Legislature retained similar requirements in the statutes otherwise amended by the Tax Reform and Relief Act of 1999. We believe it was the legislative intent to also retain such requirements in statutes that were not mentioned in the Act. K.S.A. 2001 Supp. 79-5040
does not specifically address election requirements for tax levies, but rather only suspends levy rate limitations. K.S.A. 19-4606 does not contain a limitation on the amount that a commission or elected hospital board may levy over six mills, as long as that amount is approved by the voters. Construing the statute most favorably to the taxpayers, we believe that the requirement for holding an election to approve a levy in excess of six mills appears to be a procedural requirement rather than a mill levy rate limitation suspended by K.S.A. 2001 Supp. 79-5040. Therefore, it is our opinion that the election requirement of K.S.A.19-4606 for levies in excess of six mills remains unchanged by the suspension of levy limitations in K.S.A. 2001 Supp. 79-5040.
You also ask whether the board of county commissioners must pass a resolution authorizing a levy in excess of six mills for a hospital that is governed by an elected hospital board. K.S.A. 19-4606 provides that neither a board of county commissioners nor an elected board may levy a tax exceeding six mills "until the levy of such tax . . . has been authorized by resolution of the commission and approved by a majority of the qualified electors of the county voting on such question. . . ." Thus, the board of county commissioners must authorize a levy exceeding six mills whether the tax is levied by the board of county commissioners or by an elected hospital board.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV
[1] K.S.A. 2001 Supp. 19-4605.
[2] L. 1999, Ch. 154.
[3] L. 1999, Ch. 154, § 72, now codified at K.S.A. 2001 Supp. 79-5040.
[4] Attorney General Opinion No. 89-20.
[5] Hamilton v. State Farm Fire and Cas. Co., 263 Kan. 875, 879
(1998).
[6] Id.
[7] Early Detection Center, Inc. v. Wilson, 248 Kan. 869, 874 (1991).
[8] City of Wichita v. Wichita Firemen's Relief Ass'n., 238 Kan. 122,127 (1985).
[9] Legislative Coordinating Council v. Stanley, 264 Kan. 690, 700
(1998).
[10] Appeal of Topeka SMSA Ltd. Partnership, 260 Kan. 154, 163
(1996); First Page, Inc. v. Cunningham, 252 Kan. 593, 600 (1993).
[11] L. 1999, Ch. 154, § 78, repealing K.S.A. 79-1947b.
[12] L. 1999, Ch. 154, §§ 32, 39, 40, 41, 42, 51, 58, 63, 66.
[13] The original version of K.S.A. 19-4606 required an election for any levy over 2 mills. L. 1984, Ch. 98, § 6. The statute was amended to allow an election, if requested by a protest petition, for a levy that exceeded 2 mills but was less than 6 mills, and to require an election for a levy that exceeded 6 mills. L. 1987, Ch. 105, § 1.